UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN KATZ, Individually and On Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>  vs.<br><br>PRAECIS PHARMACEUTICALS INC., MALCOLM L. GEFTER, KEVIN F. MCLAUGHLIN, EDWARD C. ENGLISH, and WILLIAM K. HEIDEN,<br><br>         Defendants. | No. 1:04-cv-12581-GAO |

*[Captions Continue on Following Page]*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE PRAECIS PLAINTIFFS GROUP FOR CONSOLIDATION OF RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

00004105.WPD ; 1

| | |
|---|---|
| MAYER SCHWARTZ, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>PRAECIS PHARMACEUTICALS INC., MALCOLM L. GEFTER, KEVIN F. MCLAUGHLIN, EDWARD C. ENGLISH, and WILLIAM K. HEIDEN,<br><br>      Defendants. | No. 1:04-cv-12704-REK |
| RICHARD BASSIN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>PRAECIS PHARMACEUTICALS INC., MALCOLM L. GEFTER, KEVIN F. MCLAUGHLIN, EDWARD C. ENGLISH, and WILLIAM K. HEIDEN,<br><br>      Defendants. | No. 1:05-cv-10134-GAO |

Movants, Kellie Seringer, the City of Dearborn Heights Police and Fire Retirement System, George Ladikos and Edward G. Bourne (the "Praecis Plaintiffs Group" or "Movants," herein), respectfully submit this memorandum of points and authorities in support of their motion for consolidation of related actions, for appointment as Lead Plaintiff and for approval of Lead Plaintiff's choice of Co-Lead Counsel.

I.      BACKGROUND

This is an action on behalf of purchasers of Praecis Pharmaceuticals, Inc.'s ("Praecis" or the "Company") publicly traded securities during the period between November 25, 2003 and December 6, 2004, inclusive (the "Class Period"). Praecis is a biopharmaceutical company that describes itself as "focused on the discovery and development of therapies to address unmet medical needs."  The Company's first United States Food and Drug Administration ("FDA") approved product is Plenaxis, a treatment for advanced symptomatic prostate cancer. The Company has initiated the regulatory review  process or is in discussions with potential partners for the commercialization of Plenaxis  in the European Union, Japan and other parts of the world. The Company also is developing Apan, an investigational drug candidate for the treatment of Alzheimer's disease. Praecis maintains its principal executive offices in Waltham, Massachusetts.

On November 25, 2003, Praecis announced that the FDA had approved its lead product, Plenaxis.  Plenaxis was granted accelerated FDA approval conditioned on post-marketing restrictions to assure safe use of the drug, and is available only to physicians who enroll in the Plenaxis User Safety (PLUS) Program.

During the Class Period, Defendants caused the Company's shares to trade at artificially inflated levels through the dissemination of numerous false and misleading statements concerning the sales and marketing of Plenaxis.  Specifically,  defendants failed to fully disclose that: (i) the FDA's distribution restrictions significantly reduced Plenaxis' potential market; (ii) Praecis failed to establish effective messaging to educate physicians about the product's indications and appropriate patient population; (3) the Company had difficulties persuading

physicians to prescribe Plenaxis due to uncertainty over Medicare reimbursement and use of the drug; and (iv) as a result of the above, defendants' financial projections were lacking in any reasonable basis when made.

On December 6, 2004, Praecis shares plummeted more than 25% in one day after the Company disclosed a need to "re-launch" Plenaxis, that fourth quarter 2004 sales would fall below third quarter sales, and retracted its previous short- and long-term revenue guidance as a result of problems with sales-force efficiency and continuing physician concerns over Medicare reimbursement and use of the drug. The Company stated that it would not provide further revenue guidance "until a consistent trend for Plenaxis sales emerges."

### II.    PROCEDURAL HISTORY

Plaintiff Susan Katz commenced case number 1:04-cv-12581, the first-filed related case, on December 9, 2004, and on that day counsel for plaintiff published a notice of pendency of plaintiff's case. *See* Declaration of John C. Martland In Support of Motion of the Praecis Plaintiffs Group for Appointment As Lead Plaintiff and For Approval of Lead Plaintiff's Selection of Co-Lead Counsel (the "Martland Declaration") at Exhibit A. In addition, two subsequent related actions (the "Related Actions") have been filed, and each of the Related Actions is reflected above in the caption of this document and entabled hereinbelow:

| Case Title | Case No. | Date Filed |
| --- | --- | --- |
| Susan Katz v. Praecis Pharmaceuticals, Inc., et al. | 1:04-cv-12581 | 12/09/2004 |
| Mayer Schwartz v. Praecis Pharmaceuticals, Inc., et al. | 1:04-cv-12704 | 12/27/2004 |
| Richard Bassin v. Praecis Pharmaceuticals, Inc., et al. | 1:05-cv-10134 | 01/21/2005 |

Movants bring the instant motion pursuant to plaintiff Katz' notice of pendency, and file this motion prior to expiration of the 60-day period from publication of the December 9, 2005, notice.

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact.  *See Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999); *In re Equity Funding Corp. of Am. Sec. Litig.*, 416 F. Supp. 161, 175 (C.D. Cal. 1976). The Court has broad discretion under this Rule to consolidate cases pending within its District. *Investors Research Co. v. United States District Court*, 877 F.2d 777 (9th Cir. 1989).

Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned.  *See Equity Funding*, 416 F. Supp. at 176; *Aronson*, 79 F. Supp. 2d at 1150. Consolidation facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately.  *See Equity Funding*, 416 F. Supp. at 176.

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues.  Each alleges the same violations of the Exchange Act, and is based on the same wrongful course of conduct.  Each names the Company and certain of its officers and/or directors as defendants.  Because the actions arise from the same facts and circumstances and involve the same subject matter, the

same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

### 1. The Court Should Resolve The Consolidation Issue As a Prerequisite to The Determination of Lead Plaintiff

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movants have an interest in moving these actions forward, they respectfully urge the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and warranted under Rule 42(a), especially given the common questions of fact and law presented by the Related Actions now pending in this District.

### A. Movants Should Be Appointed Lead Plaintiff

Section 21D(a)(3)(B) of the PSLRA provides the procedure for selecting Lead Plaintiff in class actions brought under the Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 60 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the person or group of persons that:

    (aa) has either filed the complaint or made a motion in response to a notice. . . ;

    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

>    (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See also In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42 (D.Mass. 2001).

As set forth below, Movants satisfy all three of these criteria and thus are entitled to the presumption that the Praecis Plaintiffs Group is the most adequate Lead Plaintiff for the Class.

### 1.   Movants Are Making A Motion In Response To A Notice

On December 9, 2005, counsel for plaintiff Susan Katz published a notice of pendency of plaintiff's case pursuant to §21D(a)(3)(A)(I) of the PSLRA, announcing that a securities class action had been filed against defendants herein, and advising purchasers of Praecis securities that they had until February 7, 2005, to file a motion to be appointed as Lead Plaintiff. Martland Declaration, Exhibit A. Movants have filed the instant motion pursuant to the published notice and submit herewith their sworn certifications attesting that they are willing to serve as representatives of the Class and are willing to provide testimony at deposition and trial, if necessary. *See* Martland Declaration, Exhibit B. Movants have already demonstrated a high level of interest in this litigation by communicating with counsel regarding the status and facts of the case and by making this motion. Movants therefore satisfy the requirement of either filing a complaint or making a motion in response to a published notice.

### 2.   Movants Have The Largest Financial Interest In This Action

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *Naiditch v. Applied Micro Circuits*,

2001 WL 1659115 (S.D. Cal. 2001). Moreover, courts have recognized that "one goal of the PSLRA is to have the plaintiff class, represented by a member with a substantial financial interest in the recovery as incentive, monitor the litigation to prevent its being 'lawyer-driven.' " *In re Enron Corp. Securities Litigation* 206 F.R.D. 427, 438 (S.D. Tex. 2002).

Exchange Act §21D(a)(3)(B) provides that the most adequate Lead Plaintiff is presumed to be the "*person or group of persons*" that, among other things, "has the largest financial interest in the relief sought by the class." *See* §21D(a)(3)(B). The statutory language explicitly provides that a "*member or members*" of the class or the "*person or group of persons*" may combine to constitute "the largest financial interest" and thereby jointly serve as the "most adequate plaintiff." *Id*. *See also, In re Advanced Tissue Sciences Sec. Litig.*, 184 F.R.D. 346, 350, n. 11 (S.D. Cal. 1998). Thus, according to the plain language of the statute, individual plaintiffs may aggregate their losses in order to serve as the lead plaintiff.[1]

Here, Movants purchased Praecis securities during the Class Period, and have suffered aggregate losses of $372,645.43. Martland Declaration, Exhibit C. Moreover, the Praecis Plaintiffs Group, comprising four members, is a "small group of manageable size that is capable of joint decisionmaking regarding the litigation," consistent with the provisions of the PSLRA. *See Takeda,* 67 F. Supp. 2d at 1135. To the best of its knowledge, the Praecis Plaintiffs Group

---

[1] Although there is no bright-line rule for the maximum number of members in a lead plaintiff group, District courts applying the PSLRA have construed its provision for appointment of a "group of persons" to mean a group of as many as seven individuals or entities. *See Takeda v. Turbodyne Tech, Inc*., 67 F.Supp. 2d 1129, 1135 (C.D. Cal. 1999) (group of seven appointed lead plaintiff)*; Accord In re Advanced Tissue Sciences*, 184 F.R.D. at 352-53 (group of six); *Chill v. Green Tree Financial Corp.*, 181 F.R.D. 398, 408-09 (D.Minn.1998) (group of six).

believes that it has the largest financial interest in this case, and thus satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

Because the Praecis Plaintiffs Group is a small, manageable group with substantial losses – in excess of $372,000 – and believes that it has the largest financial interest in this case, Movants are presumptively the most-adequate Lead Plaintiff.

### 3. Movants Satisfy The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. A *prima facie* showing that a PSLRA movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software,* 939 F. Supp. 57, 60, 64 (D. Mass. 1996).  Courts thus limit their inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until class certification. *Enron,* 206 F.R.D. at 441*; In re Waste Management, Inc. Sec. Litig.*, 128 F. Supp. 2d., 401, 411 (S.D.) Tex. 2000); *In re Oxford Health*

*Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA.")(*citing Gluck v. Cellstar Corp.,* 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla 1997)); *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

### a. Movant's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Enron,* 206 F.R.D. at 441; *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479-80 (5th Cir. 2001); *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp 1525, 1532 (D. Mass. 1991). Rule 23 does not require the Lead Plaintiff to be identically situated with all class members. It is enough that the Lead Plaintiff's situation shares a common issue of law or fact. *See Berger*, 257 F.3d at 480; *In re Lernout &. Hauspie Sec. Litig.,* 138 F. Supp. 2d 39 (D. Mass. 2002), *citing Gackenberger v. Boston University* 957 F. Supp. 306, 325 (D. Mass. 1997). Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Praecis' financial performance, operations and prospects. Movants, like all of the members of the Class, purchased Praecis securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and omissions, and were damaged thereby. The interests of Movants and other Class members are closely aligned and they are, therefore, typical of the other members of the Class.

### b. Movants Are Adequate Representatives

The adequacy of representation requirement of Rule 23 is satisfied where it is established that a representative party "will fairly and adequately protect the interests in the class." Accordingly:

> [R]epresentation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it unlikely that the action is collusive.

*Takeda,* 67 F. Supp. 2d 1129, 1133 (C.D. Cal. 1999) (citing *In re Northern Dist of Cal., Dalkon Shield IUD Prod. Liab. Litig.,* 693 F.2d 847, 855 (9th Cir. 1982)); *Lernout & Hauspie,* 138 F. Supp. 2d at 46.. The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Takeda,* 67 F. Supp. 2d at 1137 (citing *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. III 1986). Movants have demonstrated their adequacy as lead plaintiffs by evincing a strong desire to prosecute these actions on behalf of the Class, and have shown that they are " 'willing' and 'able' to 'take an active role in and control the litigation and to protect the interests of absentees.' " *Berger,* 257 F.3d at 479. Movants have made this motion to be appointed Lead Plaintiff. Movants have also sustained significant losses from their investments in Praecis securities and are, therefore, extremely motivated to pursue the claims in this action. Martland Declaration, Exhibit C.

### 4. Movants Are Presumptively The Most Adequate Lead Plaintiff

The presumption in favor of appointing Movants as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or

>   (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78 u-4(a)(3)(b)(iii)(I).

The presumption that Movants are the most adequate Lead Plaintiff is not, therefore, subject to rebuttal. The ability of Movants to fairly and adequately represent the Class is discussed above. Movants are not aware of any unique defenses defendants could raise against them that would render them inadequate to represent the Class. Accordingly, Movants should be appointed Lead Plaintiff for the Class.

### B. The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject only to approval of the Court. *See* §21D(a)(3)(B)(v) of the Exchange Act. Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interest of the plaintiff class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa). In the present case, Movants have retained Glancy Binkow & Goldberg LLP and Murray Frank & Sailer LLP to pursue this litigation on their behalf, and will retain these firms as Plaintiffs' Co-Lead Counsel, in the event they are appointed Lead Plaintiff. Glancy Binkow & Goldberg LLP and Murray Frank & Sailer LLP possess extensive experience in the area of securities litigation and have successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm resumés attached to the Martland Declaration as Exhibits D and E. Thus, the Court may be assured that, by granting Movants' motion, the Class will receive the highest caliber of legal representation.

## IV.   CONCLUSION

For the foregoing reasons, Movants respectfully ask the Court to grant their motion and enter an Order consolidating related actions, appointing their choice of Glancy Binkow & Goldberg LLP and Murray Frank & Sailer LLP as Co-Lead Counsel, with Gilman and Pastor, LLP as Liaison Counsel, and to grant such other relief as the Court may deem just and proper.

Respectfully submitted,

Dated: February 7, 2005

**GILMAN AND PASTOR, LLP**

 /s/ David Pastor
David Pastor (BBO # 391000)
John C. Martland (BBO # 322980)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts 01906
Telephone:   (781) 231-7850
Facsimile:   (781) 231-7840

*Proposed Liaison Counsel*

**GLANCY, BINKOW & GOLDBERG LLP**
Lionel Z. Glancy
Michael Goldberg
Peter A. Binkow
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Phone: (310) 201-9150
Fax: (310) 201-9160

**MURRAY, FRANK & SAILER LLP**
Eric J. Belfi
275 Madison Avenue, Suite 801
New York, New York 10016
Telephone:   (212) 682-1818
Facsimile:   (212) 682-1892

*Proposed Co-Lead Counsel*

**MILLER SHEA, P.C.**
Powell Miller
1301 West Long Lake Road, Suite 135
Troy, Michigan 48098
Telephone: (248) 267-8200
Facsimile: (248) 267-8211

*Proposed Member of*
*Plaintiffs' Executive Committee*

**VANOVERBEKE MICHAUD**
   **& TIMMONY, P.C.**
Michael VanOverbeke
79 Alfred Street
Detroit, Michigan 48201
Telephone: (313) 578-1200
Facsimile: (313) 578-1201

*Counsel for Plaintiffs*