## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SUSAN KATZ, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRAECIS PHARMACEUTICALS INC., MALCOLM L. GEFTER, KEVIN F. MCLAUGHLIN, EDWARD C. ENGLISH, and WILLIAM K. HEIDEN,<br><br>Defendants. | No. 1:04-cv-12581-GAO |

*[Captions Continue on Following Page]*

**DECLARATION OF JOHN C. MARTLAND IN SUPPORT OF MOTION OF THE PRAECIS PLAINTIFFS GROUP FOR CONSOLIDATION OF RELATED ACTIONS, FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

00004103.WPD ; 1

| | |
|---|---|
| MAYER SCHWARTZ, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PRAECIS PHARMACEUTICALS INC., MALCOLM L. GEFTER, KEVIN F. MCLAUGHLIN, EDWARD C. ENGLISH, and WILLIAM K. HEIDEN, <br><br> Defendants. | No. 1:04-cv-12704-REK |
| RICHARD BASSIN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PRAECIS PHARMACEUTICALS INC., MALCOLM L. GEFTER, KEVIN F. MCLAUGHLIN, EDWARD C. ENGLISH, and WILLIAM K. HEIDEN, <br><br> Defendants. | No. 1:05-cv-10134-GAO |

I, John C. Martland, hereby declare as follows:

1.      I am of counsel to the law firm Gilman and Pastor, LLP, counsel for Kellie Seringer, the City of Dearborn Heights Police and Fire Retirement System, George Ladikos and Edward G. Bourne (the "Praecis Plaintiffs Group" or "Movants," herein).

2.      Movants seek to be appointed as Lead Plaintiff pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act") in the above-captioned actions (the "Action").

00004103.WPD ; 1                                        2

3.    I submit this Declaration, together with the attached exhibits, in support of the motion of the Praecis Plaintiffs Group, *inter alia*, to appoint it to serve as Lead Plaintiff on behalf of the class in the Action and to approve Movants' choice of Glancy Binkow & Goldberg LLP and Murray Frank & Sailer LLP as Co-Lead Counsel.  I am fully familiar with the facts set forth herein.

4.    Attached hereto as the exhibits indicated are true and correct copies of the following:

| | |
|---|---|
| Exhibit A: | Press release published on December 9, 2004, on *PRNewswire* announcing pendency of the lawsuit commenced by Susan Katz, et al., against defendants herein, which sets forth a defined period of wrongdoing, beginning on or about November 25, 2003 through December 6, 2004. |
| Exhibit B: | Sworn shareholder certifications of Kellie Seringer, the City of Dearborn Heights Police and Fire Retirement System, George Ladikos and Edward G. Bourne. |
| Exhibit C: | Tables reflecting the calculated losses incurred by Movants as a result of transactions in Praecis Pharmaceuticals, Inc. securities. |
| Exhibit D: | Firm resumé of Glancy Binkow & Goldberg LLP. |
| Exhibit E: | Firm resumé of Murray Frank & Sailer LLP. |
| Exhibit F: | Firm resumé of Gilman and Pastor, LLP. |

I declare under penalty of perjury under the laws of the State of Massachusetts that the

foregoing facts are true and correct.  Executed this 7th day of February, 2005, at Saugus,

Massachusetts.

John C. Martland (BBO # 322980)

# EXHIBIT A - PRESS RELEASE

**YAHOO!** FINANCE  Search - Finance Home - Yahoo! - Help

PRNewswire

Welcome, macdiarmid1 [Sign Out]                                    My Yahoo! View - Customize

## Financial News

Enter symbol(s) [        ]  Basic  [▼]  Get | Symbol Lookup

**Press Release**                                     Source: Schiffrin & Barroway, LLP

# Shareholder Class Action Filed Against Praecis Pharmaceuticals Inc. By The Law Firm of Schiffrin & Barroway, LLP

Thursday December 9, 6:00 pm ET

BALA CYNWYD, Pa., Dec. 9 /PRNewswire/ -- The following statement was issued today by the law firm of Schiffrin & Barroway, LLP:

Notice is hereby given that a class action lawsuit was filed in the United States District Court for the District of Massachusetts on behalf of all securities purchasers of Praecis Pharmaceuticals Inc. (Nasdaq: PRCS - News; "Praecis" or the "Company") from November 25, 2003 through December 6, 2004, inclusive (the "Class Period").

If you wish to discuss this action or have any questions concerning this notice or your rights or interests with respect to these matters, please contact Schiffrin & Barroway, LLP (Marc A. Topaz, Esq. or Darren J. Check, Esq.) toll-free at 1-888-299-7706 or 1-610-667-7706, or via e-mail at info@sbclasslaw.com.

The complaint charges Praecis, Malcolm Gefter, Kevin McLaughlin, Edward English and William K. Heiden with violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. More specifically, the Complaint alleges that the Company failed to disclose and misrepresented the following material adverse facts which were known to defendants or recklessly disregarded by them: (1) that the distribution of the Company's flagship drug, Plenaxis, had been severely restricted by the FDA, which significantly reduced the potential market for the therapy; (2) that the Company failed to establish effective messaging to educate physicians about the product's indication and the appropriate patient population; (3) that the Company, despite impressive enrollment numbers in the PLUS program, had difficulties convincing physicians to prescribe the product due to uncertainty over use and concerns over reimbursement; (4) that the Company lacked adequate internal control; and (5) that as a result of the above, the defendants' fiscal 2004 projections were lacking in any reasonable basis when made.

On December 6, 2004, Praecis provided an update on the Company's commercialization of Plenaxis in the United States. In the update, the Company stated that its had decided to remove its previous short- and long- term sales and earnings guidance, and that it did not anticipate providing further guidance until a consistent trend for Plenaxis sales emerges. News of this shocked the market. Shares of Praecis fell $.56 per share, or 25.8 percent on December 6, 2004, to close at $1.61 per share.

Plaintiff seeks to recover damages on behalf of class members and is represented by the law firm of Schiffrin & Barroway, which prosecutes class actions in both state and federal courts throughout the country. Schiffrin & Barroway is a driving force behind corporate governance reform, and has recovered in excess of a billion dollars on behalf of institutional and high net worth individual investors. For more information about Schiffrin & Barroway, or to sign up to participate in this action online, please visit http://www.sbclasslaw.com.

If you are a member of the class described above, you may, not later than February 7, 2005, move the Court to serve as lead plaintiff of the class, if you so choose. A lead plaintiff is a representative party that acts on behalf of other class members in directing the litigation. In order to be appointed lead plaintiff, the Court must determine that the class member's claim is typical of the claims of other class members, and that the class member will adequately represent the class. Under certain circumstances, one or more class members may together serve as "lead plaintiff." Your ability to share in any recovery is not, however, affected by the decision whether or not to serve as a lead plaintiff. You may retain Schiffrin & Barroway, or other counsel of your choice, to serve as your counsel in this action.

```
CONTACT:   Schiffrin & Barroway, LLP
           Marc A. Topaz, Esq.
           Darren J. Check, Esq.
           Three Bala Plaza East, Suite 400
           Bala Cynwyd, PA  19004
           1-888-299-7706 (toll-free) or 1-610-667-7706
           Or by e-mail at info@sbclasslaw.com
```

Source: Schiffrin & Barroway, LLP

Copyright © 2005 Yahoo Inc. All rights reserved.  Privacy Policy - Terms of Service - Copyright Policy - Ad Feedback
Copyright © 2005 PR Newswire. All rights reserved. Republication or redistribution of PRNewswire content is expressly prohibited without the prior written consent of PRNewswire. PRNewswire shall not be liable for any errors or delays in the content, or for any actions taken in reliance thereon.

# EXHIBIT B - CERTIFICATIONS

START CERTIFICATION

**GLANCY BINKOW & GOLDBERG LLP**
**SWORN CERTIFICATION OF PLAINTIFF**
**PRAECIS PHARMACEUTICALS INC. SECURITIES LITIGATION**

I, Kellie Seringer, certify that:

1.    I have reviewed the Complaint and authorized its filing.

2.    I did not purchase PRAECIS PHARMACEUTICALS INC., the securities that are the subject of this action, at the direction of Plaintiff's counsel or in order to participate in any private action arising under this title.

3.    I am willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4.    My transactions in PRAECIS PHARMACEUTICALS INC. securities during the Class Period set forth in the Complaint are as follows:

SEE ATTACHED SCHEDULE

5.    I have not served as a representative party on behalf of a class under this title during the last three years.

6.    I will not accept any payment for serving as a representative party, except to receive my pro rata share of any recovery or as ordered or approved by the court including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

☐ Check here if you are a current employee or former employee of the defendant Company.

I declare under penalty of perjury that the foregoing are true and correct statements.

Dated: _1/24/05_

_____
(Please Sign Your Name Above)

END CERTIFICATION            **FAX THIS DOCUMENT BACK TO (310) 201-9160**

**EXHIBIT**
**Transactions of Kellie Seringer in Praecis Pharmaceuticals Inc.**

| TRANSACTION DATE | TRANSACTION TYPE | NUMBER OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| 12/03/2003 | PURCHASE | 15000 | $7.7152 |
| 12/04/2003 | SALE | 7000 | 7.54 |
| 12/05/2003 | PURCHASE | 26700 | 7.287 |
| 12/29/2003 | PURCHASE | 15000 | 6.70 |
| 12/31/2003 | PURCHASE | 25000 | 6.5088 |
| 01/06/2004 | PURCHASE | 46900 | 6.6837 |
| 02/04/2004 | PURCHASE | 40700 | 6.4566 |
| 02/13/2004 | PURCHASE | 50500 | 5.7322 |
| 03/03/2004 | PURCHASE | 11600 | 6.1969 |
| 03/12/2004 | PURCHASE | 25000 | 5.8388 |
| 04/01/2004 | PURCHASE | 90600 | 6.0272 |
| 05/04/2004 | PURCHASE | 136884 | 5.6126 |
| 05/05/2004 | PURCHASE | 1256 | 5.62 |
| 05/06/2004 | PURCHASE | 84744 | 5.2932 |
| 05/24/2004 | SALE | 18100 | 5.6667 |
| 05/24/2004 | SALE | 19500 | 5.6669 |
| 05/24/2004 | SALE | 1270 | 5.6681 |
| 05/24/2004 | SALE | 114930 | 5.6681 |
| 05/24/2004 | SALE | 146300 | 5.6682 |
| 05/24/2004 | SALE | 20900 | 5.667 |
| 06/03/2004 | PURCHASE | 30200 | 3.9237 |
| 07/07/2004 | PURCHASE | 9682 | 3.5733 |
| 07/08/2004 | PURCHASE | 115482 | 3.5431 |
| 07/09/2004 | PURCHASE | 6500 | 3.5572 |
| 07/12/2004 | PURCHASE | 29314 | 3.5339 |
| 07/13/2004 | PURCHASE | 28422 | 3.5435 |
| 07/22/2004 | SALE | 42000 | 2.5366 |
| 07/22/2004 | SALE | 155527 | 2.5188 |
| 07/22/2004 | SALE | 25276 | 2.5188 |

Page 1 of 2

## Transactions of Kellie Seringer in Praecis Pharmaceuticals Inc.

| TRANSACTION DATE | TRANSACTION TYPE | NUMBER OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| 07/23/2004 | SALE | 6418 | 2.50 |
| 07/26/2004 | SALE | 5495 | 2.50 |
| 07/27/2004 | SALE | 28272 | 2.50 |
| 07/28/2004 | SALE | 105284 | 2.4612 |
| 07/29/2004 | SALE | 64331 | 2.4536 |
| 07/30/2004 | SALE | 19333 | 2.4503 |
| 08/02/2004 | SALE | 5023 | 2.45 |
| 08/03/2004 | SALE | 32610 | 2.4506 |
| 08/05/2004 | SALE | 200 | 2.637 |
| 08/05/2004 | SALE | 400 | 2.912 |
| 08/05/2004 | SALE | 400 | 2.9495 |
| 08/05/2004 | SALE | 400 | 2.712 |
| 08/05/2004 | SALE | 1500 | 2.977 |
| 08/05/2004 | SALE | 700 | 2.7656 |
| 08/05/2004 | SALE | 4000 | 2.9833 |
| 08/05/2004 | SALE | 2000 | 2.7795 |
| 08/05/2004 | SALE | 300 | 2.937 |
| 10/26/2004 | PURCHASE | 227623 | 1.84 |
| 11/02/2004 | PURCHASE | 14800 | 1.8028 |
| 11/10/2004 | SALE | 44400 | 1.8944 |
| 11/11/2004 | SALE | 75500 | 1.8826 |
| 11/12/2004 | SALE | 41900 | 1.8707 |
| 11/15/2004 | SALE | 25200 | 1.8544 |
| 11/18/2004 | SALE | 34700 | 1.85 |
| 11/19/2004 | SALE | 1200 | 1.85 |
| 11/26/2004 | SALE | 154600 | 1.901 |
| 11/29/2004 | SALE | 313338 | 1.9712 |

**GLANCY BINKOW & GOLDBERG LLP**
**SWORN CERTIFICATION OF PLAINTIFF**
**PRAECIS PHARMACEUTICALS INC. SECURITIES LITIGATION**

THE CITY OF DEARBORN HEIGHTS POLICE & FIRE RETIREMENT SYSTEM declares the following as to the claims asserted, or to be asserted under the federal securities laws:

1.   I Michael E. Moco, am general counsel to the City of Dearborn Heights Police & Fire Retirement System and I have been duly authorized by the Board of Trustees to commence litigation against PRAECIS PHARMACEUTICALS INC. and the other defendants.

2.   I have reviewed the Complaint and authorized its filing.

2.   The City of Dearborn Heights Police & Fire Retirement System did not purchase PRAECIS PHARMACEUTICALS INC., the security that is the subject of this action, at the direction of plaintiff's counsel or in order to participate in any private action arising under this title.

3.   The City of Dearborn Heights Police & Fire Retirement System is willing to serve as a representative party on behalf of a class and will testify at deposition and trial, if necessary.

4.   The City of Dearborn Heights Police & Fire Retirement System's transactions in PRAECIS PHARMACEUTICALS INC. during the Class Period set forth in the Complaint are as follows:

SEE ATTACHED SCHEDULE

5.   The City of Dearborn Heights Police & Fire Retirement System has not sought to serve or served as a representative party on behalf of a class under this title during the last three years, except:

In re Lexmark International, Inc. Sec Litig., No 01-485-JMH (E.D. Ky.)
Sczesny v. KPMG, et al., No. 03-6480 (S.D.N.Y.)
In re Vans, Inc. Sec. Litig., No. CV-04-0431-AHM (Ctx)(C.D. Cal.)
In re Corinthian Colleges, Inc. Shareholder Litig., No. CV-04-05025-R-CWx (C.D. Cal.)
In re Motorola Sec. Litig., No 03 C 287 (N.D. Ill.)
City of St. Clair Shores v. Watson Pharmaceuticals, Inc., No. CV-03-8236-AHM (C.D. Cal.)
In re Biovail Corp. Sec. Litig., No. 03-08917-RO (S.D.N.Y.)
Haberman v. El Paso Corp., et al., No. 04-632 (S.D. Tex.)
In re Wireless Facilities, Inc. Sec. Litig., No. 04-CV-1589-JAH (S.D. Cal.)

6.   The City of Dearborn Heights Police & Fire Retirement System will not accept any payment for serving as a representative party, except to receive a pro rata share of any recovery or as ordered or approved by the court, including the award to a representative plaintiff of reasonable costs and expenses (including lost wages) directly relating to the representation of the class.

☐ Check here if you are a current employee or former employee of the defendant   Company.

I declare under penalty of perjury that the foregoing are true and correct statements.

Dated: 2-7-2005

Michael E. Moco
79 Alfred Street
Detroit, Michigan 48201
(313) 578-1200
MMoco@vmtlaw.com

**EXHIBIT**

**Transactions of Dearborn Heights Police & Fire Retirement System
in Praecis Pharmaceuticals Inc.**

| TRANSACTION DATE | TRANSACTION TYPE | NUMBER OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| 12/01/ 2003 | BUY | 2900 | $7.4250 |
| 12/02/ 2003 | BUY | 6800 | $7.5251 |
| 12/02/ 2003 | BUY | 7800 | $7.4835 |
| 04/28/2004 | BUY | 2600 | $5.7855 |
| 04/29/2004 | BUY | 4000 | $5.6791 |
| 06/01/2004 | SELL | 5300 | $4.0061 |
| 06/02/2004 | SELL | 5000 | $4.0064 |
| 06/03/2004 | SELL | 1400 | $4.0005 |
| 06/07/2004 | SELL | 2000 | $3.8500 |
| 06/16/2004 | SELL | 2400 | $3.5314 |
| 06/16/2004 | SELL | 1750 | $3.5528 |
| 06/18/2004 | SELL | 4000 | $3.5247 |
| 06/21/2004 | SELL | 1750 | $3.5344 |
| 06/22/2004 | SELL | 500 | $3.5498 |

## CERTIFICATION

I, George Ladikos, do hereby certify that:

I have reviewed the complaint and have authorized its filing.

I purchased securities of Praecis Pharmaceuticals Inc, which are the subject of the complaint, *but not* at the direction of my counsel or in order to participate in any private action arising under the Securities Act of 1933 or Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995.

I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

During the Class Period, I engaged in the following transactions involving the securities of Praecis Pharmaceuticals Inc:

### TRANSACTION INFORMATION

| BUY OR SELL | TRADE DATE | NO. OF SHARES | PRICE PER SHARE |
|---|---|---|---|

**See attached.**

In the three years prior to this certification, I have not applied to serve nor served as a representative party on behalf of a class in an action brought under the federal securities laws.

I will not accept any payment for serving as a representative party on behalf of the Class beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class and my activities in the lawsuit, as ordered or approved by the Court.

Nothing herein shall be construed to be or constitute a waiver of my attorney-client privilege.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 02/07/2005.

Signature ___ George Ladikos

## CERTIFICATION FORM ATTACHMENT
(Additional Trades)

CLIENT NAME: GEORGE LADIKOS
SECURITIES OF: PRAECIS PHARMACEUTICALS INC

### TRANSACTION INFORMATION

| BUY OR SELL | TRADE DATE | NO. OF SHARES | PRICE PER SHARE |
|---|---|---|---|
| Purchase | 12/4/2003 | 3,000 | $7.62 |
| Purchase | 12/8/2003 | 3,000 | $6.90 |
| Sale | 12/17/2003 | (5,000) | $6.41 |
| Purchase | 1/23/2004 | 3,000 | $7.01 |
| Purchase | 2/5/2004 | 2,000 | $5.97 |
| Sale | 2/9/2004 | (6,000) | $5.85 |
| Purchase | 3/31/2004 | 1,000 | $6.10 |
| Purchase | 4/13/2004 | 1,000 | $5.99 |
| Purchase | 4/28/2004 | 2,000 | $5.75 |
| Purchase | 5/6/2004 | 2,000 | $5.22 |
| Sale | 5/11/2004 | (2,000) | $5.01 |
| Purchase | 6/16/2004 | 5,000 | $3.50 |
| Purchase | 7/21/2004 | 3,000 | $2.73 |
| Purchase | 7/27/2004 | 2,000 | $2.45 |
| Purchase | 8/23/2004 | 2,000 | $2.41 |
| Purchase | 9/1/2004 | 2,000 | $2.39 |
| Purchase | 9/15/2004 | 2,000 | $2.20 |
| Purchase | 10/6/2004 | 2,000 | $2.10 |
| Purchase | 10/20/2004 | 2,000 | $1.79 |
| Purchase | 10/28/2004 | 6,000 | $1.79 |
| Purchase | 11/15/2004 | 2,500 | $1.75 |
| Purchase | 11/29/2004 | 10,000 | $2.00 |

Certification

I, _Edward G. Bourne_, do hereby certify that:

I have reviewed the complaint and have authorized its filing.

I purchased securities of Praecis Pharmaceuticals Inc, which are the subject of the complaint, *but not* at the direction of my counsel or in order to participate in any private action arising under the Securities Act of 1933 or Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995.

I am willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary.

During the Class Period, I engaged in the following transactions involving the securities of Praecis Pharmaceuticals Inc:

Transaction Information

| Buy Or Sell | Buy | Buy | SOLD |
|---|---|---|---|
| Trade Date | 11-26-03 | 9-23-04 | 1-25-05 |
| No. of Shares | 5000 | 10000 | 15000 |
| Price Per Share | 7.38 | 2.38 | 8300 @ 1.51<br>6700 @ 1.52 |

In the three years prior to this certification, I have not applied to serve nor served as a representative party on behalf of a class in an action brought under the federal securities laws.

I will not accept any payment for serving as a representative party on behalf of the Class beyond my pro rata share of any recovery, except such reasonable costs and expenses (including lost wages) directly relating to the representation of the Class and my activities in the lawsuit, as ordered or approved by the Court.

Nothing herein shall be construed to be or constitute a waiver of my attorney-client privilege.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on 02/ _07_ /2005.

Signature _Edward G. Bourne_

# EXHIBIT C - LOSS CHARTS

# EXHIBIT
## TABLE OF MOVANT KELLIE SERINGER'S LOSSES IN PRAECIS PHARMACEUTICALS INC.

RECORD TRANSACTION

| NAME | BUY DATE | SHARES | PRICE | AMOUNT | SALE DATE | SHARES | PRICE | PROCEEDS | LOSS |
|------|----------|--------|-------|--------|-----------|--------|-------|----------|------|
| **BUY TRANSACTIONS** | | | | | | | | | |
| KELLIE SERINGER | 11 02 2004 | 14800 | 0.0000 | $ 0.00 | | | | | |
| KELLIE SERINGER | 10 26 2004 | 227623 | 1.8028 | $ 26,881.44 | | | | | |
| KELLIE SERINGER | 07 13 2004 | 28422 | 1.8400 | $ 418,826.32 | | | | | |
| KELLIE SERINGER | 07 12 2004 | 29314 | 3.5435 | $ 100,713.36 | | | | | |
| KELLIE SERINGER | 07 09 2004 | 6500 | 3.5339 | $ 103,592.74 | | | | | |
| KELLIE SERINGER | 07 08 2004 | 115482 | 3.5572 | $ 23,121.80 | | | | | |
| KELLIE SERINGER | 07 07 2004 | 9682 | 3.5431 | $ 409,164.27 | | | | | |
| KELLIE SERINGER | 06 03 2004 | 30200 | 3.5733 | $ 34,596.69 | | | | | |
| KELLIE SERINGER | 05 06 2004 | 84744 | 3.9237 | $ 118,495.74 | | | | | |
| KELLIE SERINGER | 05 05 2004 | 1256 | 5.2932 | $ 448,566.94 | | | | | |
| KELLIE SERINGER | 05 04 2004 | 136884 | 5.6200 | $ 7,058.72 | | | | | |
| KELLIE SERINGER | 04 01 2004 | 90600 | 5.6126 | $ 768,275.14 | | | | | |
| KELLIE SERINGER | 03 12 2004 | 25000 | 6.0272 | $ 546,064.32 | | | | | |
| KELLIE SERINGER | 03 03 2004 | 11600 | 5.8388 | $ 145,970.00 | | | | | |
| KELLIE SERINGER | 02 13 2004 | 50500 | 6.1969 | $ 71,884.04 | | | | | |
| KELLIE SERINGER | 02 04 2004 | 40700 | 5.7322 | $ 289,476.10 | | | | | |
| KELLIE SERINGER | 01 06 2004 | 46900 | 6.4566 | $ 262,783.62 | | | | | |
| KELLIE SERINGER | 12 31 2003 | 25000 | 6.6837 | $ 313,465.53 | | | | | |
| KELLIE SERINGER | | | 6.5088 | $ 162,720.00 | | | | | |

TABLE OF MOVANT KELLIE SERINGER'S LOSSES IN PRAECIS PHARMACEUTICALS INC. SECURITIES

X:\wp51\PRAECIS\SHAREHOLDERS\LOSSES OF KELLIE SERINGER50.wpd

| NAME | BUY DATE | SHARES | PRICE | AMOUNT | SALE DATE | SHARES | PRICE | PROCEEDS | LOSS |
|---|---|---|---|---|---|---|---|---|---|
| KELLIE SERINGER | 12 29 2003 | 15000 | 6.7000 | $ 100,500.00 | | | | | |
| KELLIE SERINGER | 12 05 2003 | 26700 | 7.2870 | $ 194,562.90 | | | | | |
| KELLIE SERINGER | 12 03 2003 | 15000 | 7.7152 | $ 115,728.00 | | | | | |
| SELL TRANSACTIONS | | | | $ 0.00 | | | 0.0000 | $ 0.00 | |
| KELLIE SERINGER | | | | | 11 29 2004 | 313338 | 1.9712 | $ 617,651.87 | |
| KELLIE SERINGER | | | | | 11 26 2004 | 154600 | 1.9010 | $ 293,894.60 | |
| KELLIE SERINGER | | | | | 11 19 2004 | 1200 | 1.8500 | $ 2,220.00 | |
| KELLIE SERINGER | | | | | 11 18 2004 | 34700 | 1.8500 | $ 64,195.00 | |
| KELLIE SERINGER | | | | | 11 15 2004 | 25200 | 1.8544 | $ 46,730.88 | |
| KELLIE SERINGER | | | | | 11 12 2004 | 41900 | 1.8707 | $ 78,382.33 | |
| KELLIE SERINGER | | | | | 11 11 2004 | 75500 | 1.8826 | $ 142,136.30 | |
| KELLIE SERINGER | | | | | 11 10 2004 | 44400 | 1.8944 | $ 84,111.36 | |
| KELLIE SERINGER | | | | | 08 05 2004 | 300 | 2.9370 | $ 881.10 | |
| KELLIE SERINGER | | | | | 08 05 2004 | 2000 | 2.7795 | $ 5,559.00 | |
| KELLIE SERINGER | | | | | 08 05 2004 | 4000 | 2.9833 | $ 11,933.20 | |
| KELLIE SERINGER | | | | | 08 05 2004 | 700 | 2.7656 | $ 1,935.92 | |
| KELLIE SERINGER | | | | | 08 05 2004 | 1500 | 2.9770 | $ 4,465.50 | |
| KELLIE SERINGER | | | | | 08 05 2004 | 400 | 2.7120 | $ 1,084.80 | |
| KELLIE SERINGER | | | | | 08 05 2004 | 400 | 2.9495 | $ 1,179.80 | |
| KELLIE SERINGER | | | | | 08 05 2004 | 400 | 2.9120 | $ 1,164.80 | |
| KELLIE SERINGER | | | | | 08 05 2004 | 200 | 2.6370 | $ 527.40 | |
| KELLIE SERINGER | | | | | 08 03 2004 | 32610 | 2.4506 | $ 79,914.07 | |
| KELLIE SERINGER | | | | | 08 02 2004 | 5023 | 2.4500 | $ 12,306.35 | |
| KELLIE SERINGER | | | | | 07 30 2004 | 19333 | 2.4503 | $ 47,371.65 | |

TABLE OF MOVANT KELLIE SERINGER'S LOSSES IN PRAECIS PHARMACEUTICALS INC. SECURITIES

| NAME | BUY DATE | SHARES | PRICE | AMOUNT | SALE DATE | SHARES | PRICE | PROCEEDS | LOSS |
|------|----------|--------|-------|--------|-----------|--------|-------|----------|------|
| KELLIE SERINGER | | | | | 07 29 2004 | 64331 | 2.4536 | $ 157,842.54 | |
| KELLIE SERINGER | | | | | 07 28 2004 | 105284 | 2.4612 | $ 259,124.98 | |
| KELLIE SERINGER | | | | | 07 27 2004 | 28272 | 2.5000 | $ 70,680.00 | |
| KELLIE SERINGER | | | | | 07 26 2004 | 5495 | 2.5000 | $ 13,737.50 | |
| KELLIE SERINGER | | | | | 07 23 2004 | 6418 | 2.5000 | $ 16,045.00 | |
| KELLIE SERINGER | | | | | 07 22 2004 | 25276 | 2.5188 | $ 63,665.19 | |
| KELLIE SERINGER | | | | | 07 22 2004 | 155527 | 2.5188 | $ 391,741.41 | |
| KELLIE SERINGER | | | | | 07 22 2004 | 42000 | 2.5386 | $ 106,537.20 | |
| KELLIE SERINGER | | | | | 05 24 2004 | 20900 | 5.6670 | $ 118,440.30 | |
| KELLIE SERINGER | | | | | 05 24 2004 | 146300 | 5.6682 | $ 829,257.66 | |
| KELLIE SERINGER | | | | | 05 24 2004 | 114930 | 5.6681 | $ 651,434.73 | |
| KELLIE SERINGER | | | | | 05 24 2004 | 1270 | 5.6681 | $ 7,198.49 | |
| KELLIE SERINGER | | | | | 05 24 2004 | 19500 | 5.6669 | $ 110,504.55 | |
| KELLIE SERINGER | | | | | 05 24 2004 | 18100 | 5.6667 | $ 102,567.27 | |
| KELLIE SERINGER | | | | | 12 04 2003 | 7000 | 7.5400 | $ 52,780.00 | |
| TOTALS | | 1031907 | | $ 4,662,247.68 | | | | $ 4,449,202.74 | $ 213,044.94 |
| VALUE OF SHARES REMAINING | | | | | | 1518307 | | | $ 0.00 |
| TOTAL LOSS | | | | | | | | | $ 213,044.94 |

# EXHIBIT
## TABLE OF MOVANT DEARBORN HEIGHTS P&F'S LOSSES IN PRAECIS PHARMACEUTICALS INC.

| RECORD TRANSACTION |
| --- |

| NAME | BUY DATE | SHARES | PRICE | AMOUNT | SALE DATE | SHARES | PRICE | PROCEEDS | LOSS |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| **BUY TRANSACTIONS** | | | | | | | | | |
| | | | 0.0000 | $ 0.00 | | | | | |
| DEARBORN HEIGHTS P&F | 04 29 2004 | 4000 | 5.6791 | $ 22,716.40 | | | | | |
| DEARBORN HEIGHTS P&F | 04 28 2004 | 2600 | 5.7855 | $ 15,042.30 | | | | | |
| DEARBORN HEIGHTS P&F | 12 02 2003 | 7800 | 7.4835 | $ 58,371.30 | | | | | |
| DEARBORN HEIGHTS P&F | 12 02 2003 | 6800 | 7.5251 | $ 51,170.68 | | | | | |
| DEARBORN HEIGHTS P&F | 12 01 2003 | 2900 | 7.4250 | $ 21,532.50 | | | | | |
| **SELL TRANSACTIONS** | | | | | | | | 0.0000 | $ 0.00 |
| | | | | $ 0.00 | | | | | |
| DEARBORN HEIGHTS P&F | | | | | 06 22 2004 | 500 | 3.5498 | $ 1,774.90 | |
| DEARBORN HEIGHTS P&F | | | | | 06 21 2004 | 1750 | 3.5344 | $ 6,185.20 | |
| DEARBORN HEIGHTS P&F | | | | | 06 18 2004 | 4000 | 3.5247 | $ 14,098.80 | |
| DEARBORN HEIGHTS P&F | | | | | 06 16 2004 | 1750 | 3.5528 | $ 6,217.40 | |
| DEARBORN HEIGHTS P&F | | | | | 06 16 2004 | 2400 | 3.5314 | $ 8,475.36 | |
| DEARBORN HEIGHTS P&F | | | | | 06 07 2004 | 2000 | 3.8500 | $ 7,700.00 | |
| DEARBORN HEIGHTS P&F | | | | | 06 03 2004 | 1400 | 4.0005 | $ 5,600.70 | |
| DEARBORN HEIGHTS P&F | | | | | 06 02 2004 | 5000 | 4.0084 | $ 20,032.00 | |
| DEARBORN HEIGHTS P&F | | | | | 06 01 2004 | 5300 | 4.0061 | $ 21,232.33 | |
| **TOTALS** | | 24100 | | $ 168,833.18 | | 24100 | | $ 91,316.69 | $ 77,516.49 |
| **VALUE OF SHARES REMAINING** | | | | | | | | $ 0.00 | $ 0.00 |

TABLE OF MOVANT DEARBORN HEIGHTS P&F'S LOSSES IN PRAECIS PHARMACEUTICALS INC. SECURITIES
X:\wp51\PRAECIS\SHAREHOLDERS\LOSSES OF DEARBORN HEIGHTS P&F42.wpd

| NAME | BUY DATE | SHARES | PRICE | AMOUNT | SALE DATE | SHARES | PRICE | PROCEEDS | LOSS |
|------|----------|--------|-------|--------|-----------|--------|-------|----------|------|
| TOTAL LOSS | | | | | | | | | $ 77,516.49 |

TABLE OF MOVANT DEARBORN HEIGHTS P&F'S LOSSES IN PRAECIS PHARMACEUTICALS INC. SECURITIES

X:\wp51\PRAECIS\SHAREHOLDERS\LOSSES OF DEARBORN HEIGHTS P&F42.wpd

**Praecis**
**1934 EXCHANGE ACT LOSS ANALYSIS**

**Total Losses    $82,037.25**

| Plaintiff | Transaction | Date | # of Shares* | Price per Share* | Loss |
|---|---|---|---|---|---|
| Edward G. Bourne | Purchase | 11/26/2003 | 5,000 | $7.38 | $36,900.00 |
| | Purchase | 8/23/2004 | 10,000 | $2.38 | $23,800.00 |
| | Sale | 1/25/2005 | (8,300) | $1.76 | ($14,603.02) |
| | Sale | 1/25/2005 | (6,700) | $1.76 | ($11,787.98) |
| | | | | | $34,309.00 |
| | | | | | |
| | Share Value Remaing | | 0 | $1.72 | $0.00 |
| | | | | Loss | **$34,309.00** |
| | | | | | |
| George Ladikos | Purchase | 12/4/2003 | 3,000 | $7.62 | $22,860.00 |
| | Purchase | 12/8/2003 | 3,000 | $6.90 | $20,700.00 |
| | Sale | 12/17/2003 | (5,000) | $6.41 | ($32,050.00) |
| | Purchase | 1/23/2004 | 3,000 | $7.01 | $21,030.00 |
| | Purchase | 2/5/2004 | 2,000 | $5.97 | $11,940.00 |
| | Sale | 2/9/2004 | (6,000) | $5.85 | ($35,100.00) |
| | Purchase | 3/31/2004 | 1,000 | $6.10 | $6,100.00 |
| | Purchase | 4/13/2004 | 1,000 | $5.99 | $5,990.00 |
| | Purchase | 4/28/2004 | 2,000 | $5.75 | $11,500.00 |
| | Purchase | 5/6/2004 | 2,000 | $5.22 | $10,440.00 |
| | Sale | 5/11/2004 | (2,000) | $5.01 | ($10,020.00) |
| | Purchase | 6/16/2004 | 5,000 | $3.50 | $17,500.00 |
| | Purchase | 7/21/2004 | 3,000 | $2.73 | $8,190.00 |
| | Purchase | 7/27/2004 | 2,000 | $2.45 | $4,900.00 |
| | Purchase | 8/23/2004 | 2,000 | $2.41 | $4,820.00 |
| | Purchase | 9/1/2004 | 2,000 | $2.39 | $4,780.00 |
| | Purchase | 9/15/2004 | 2,000 | $2.20 | $4,400.00 |
| | Purchase | 10/6/2004 | 2,000 | $2.10 | $4,200.00 |
| | Purchase | 10/20/2004 | 2,000 | $1.79 | $3,580.00 |
| | Purchase | 10/28/2004 | 6,000 | $1.79 | $10,740.00 |
| | Purchase | 11/15/2004 | 2,500 | $1.75 | $4,375.00 |
| | Purchase | 11/29/2004 | 10,000 | $2.00 | $20,000.00 |
| | | | | | $120,875.00 |
| | | | | | |
| | Share Value Remaing | | 42,500 | $1.72 | $73,146.75 |
| | | | | Loss | **$47,728.25** |

**EXHIBIT**
**PRAECIS PHARMACEUTICALS, INC. SECURITIES LITIGATION**

**Losses of the Praecis Plaintiffs Group**

| MOVANT | LOSS |
|---|---:|
| Kellie Seringer | $213,044.94 |
| City of Dearborn Heights Police & Fire Retirement System | $77,516.49 |
| George Ladikos | $47,775.00 |
| Edward G. Bourne | $34,309.00 |
| **PRAECIS PLAINTIFFS GROUP TOTAL LOSS** | **$372,645.43** |

# EXHIBIT D - FIRM RESUMÉ

# GLANCY BINKOW & GOLDBERG LLP
ATTORNEYS AT LAW

NEW YORK OFFICE

1501 BROADWAY SUITE 1900
NEW YORK, NY 10036
TELEPHONE (917) 510-0009
FACSIMILE (646) 366-0895

1801 AVENUE OF THE STARS, SUITE 311
LOS ANGELES, CALIFORNIA 90067

TELEPHONE (310) 201-9150
FACSIMILE (310) 201-9160
info@glancylaw.com

SAN FRANCICSO OFFICE

455 MARKET ST., SUITE 1810
SAN FRANCISCO, CA 94105
TELEPHONE: (415) 972-8160
FACSIMILE: (415) 972-8166

## FIRM RESUME

Glancy Binkow & Goldberg LLP has represented investors and consumers in federal and state courts throughout the United States for over fourteen years. Based in Los Angeles, California and with offices in New York, New York and San Francisco, California, Glancy Binkow & Goldberg has developed expertise prosecuting securities fraud, antitrust and complex commercial litigation. As Lead Counsel or as a member of Plaintiffs' Counsel Executive Committees, Glancy Binkow & Goldberg has recovered in excess of $1 billion for parties wronged by corporate fraud and malfeasance. The firm's efforts on behalf of individual investors have been the subject of articles in such publications as The Wall Street Journal, The New York Times and The Los Angeles Times.

Appointed as Lead or Co-Lead Counsel by federal judges throughout the United States, Glancy Binkow & Goldberg has achieved significant recoveries for class members, including:

In re Heritage Bond Litigation, USDC Central District of California Civil Action No. 02-ML-1475-DT, where as co-Lead Counsel, Glancy Binkow & Goldberg has already recovered in excess of $24 million dollars for defrauded investors and continues to pursue additional defendants.

In re ECI Telecom Ltd. Securities Litigation, USDC Eastern Virginia Civil Action No. 01-913-A, in which Glancy Binkow & Goldberg served as sole Lead Counsel and recovered almost $22 million for defrauded ECI investors.

Yaldo v. Airtouch Communications, State of Michigan, Wayne County, Case No. 99-909694-CP in which Glancy Binkow & Goldberg served as co-Lead Counsel and achieved a settlement valued at over $32 million for defrauded consumers.

In re Infonet Services Corporation Securities Litigation, USDC Central California, Case No. CV 01-10456 NM, in which as co-Lead Counsel, Glancy Binkow & Goldberg achieved a settlement of $18 million.

In re Musicmaker.com Securities Litigation, USDC C.Cal. 00-02018, a securities fraud class action in which Glancy Binkow & Goldberg was sole Lead Counsel for the Class and recovered in excess of $13 million.

In re ESC Medical Systems, Ltd. Securities Litigation, USDC Southern New York 98 Civ. 7530, a

securities fraud class action in which Glancy Binkow & Goldberg served as sole Lead Counsel for the Class and achieved a settlement valued in excess of $17 million.

In re Lason, Inc. Securities Litigation, USDC Eastern Michigan 99 76079, in which Glancy Binkow & Goldberg was Co-Lead Counsel and recovered almost $13 million for defrauded Lason stockholders.

In re Inso Corp. Securities Litigation, USDC Massachusetts 99 10193, a securities fraud class action in which Glancy Binkow & Goldberg served as Co-Lead Counsel for the Class and achieved a settlement valued in excess of $12 million.

In re National TechTeam Securities Litigation USDC Eastern Michigan 97-74587, a securities fraud class action in which Glancy Binkow & Goldberg served as Co-Lead Counsel for the Class and achieved a settlement valued in excess of $11 million.

In re Ramp Networks, Inc. Sec. Litig., USDC Northern California, Case No. C-00-3645 JCS, a securities fraud class action in which Glancy Binkow & Goldberg served as Co-Lead Counsel for the Class and achieved a settlement of nearly $7 million.

Glancy Binkow & Goldberg filed the initial landmark antitrust lawsuit against all of the major NASDAQ market makers and served on Plaintiffs' Counsel's Executive Committee in In re Nasdaq Market-Makers Antitrust Litigation, USDC Southern District of New York, 94 C 3996 (RWS), MDL Docket No. 1023, which recovered $900 million for investors in numerous heavily traded Nasdaq issues.

In addition, Glancy Binkow & Goldberg serves as Class Counsel in In Re Real Estate Associates Limited Partnership Litigation, USDC Central California, 98-7035 DDP, in which plaintiffs' Counsel achieved a $184 million jury verdict after a complex six week trial in Los Angeles, California and later settled the case for $83 million.

The firm currently serves as Lead or Co-Lead Counsel in numerous securities fraud and consumer fraud actions throughout the United States, including, among others:

Shah v. Morgan Stanley Co.,
USDC Southern New York Case No. 03 Civ. 8761 (RJH)

Lapin v. Goldman Sachs,
USDC Southern New York Case No. 03-0850-KJD

In re Gilat Satellite Networks, Ltd. Sec. Litig.,
USDC Eastern New York, Case No. 02-1510 CPS

In re Lumenis, Ltd. Sec. Litig.,
USDC Southern New York, Case No.02-CV-1989 DAB

Taft v. Ackermans, (KPNQwest Securities Litigation)

USDC Southern New York, Case No. 02-CV-07951

In re Amdocs Ltd. Sec. Litig.,
USDC Eastern Missouri, Case No. 02CV950 HEA

In re Heritage Bond Litigation,
USDC Central District of California Civil No. 02-ML-1475-DT

Payne v. IT Group, Inc.,
USDC Western Pennsylvania, Case No. 02-1927

Oscar Private Equity Investments v. Holland, (Allegiance Telecom Securities Litigation)
USDC Northern Texas Case No.. 3:-CV-2761-H

Winer Family Trust v. Queen, (Pennexx Securities Litigation)
USDC Eastern Pennsylvania, Case No. 2:03-cv-04318 JP

In re Presstek Inc. Securities Litigation,
USDC New Hampshire Case No. 1:3-cv-240 M

In re ADC Telecommunications Inc. Securities Litigation,
USDC Minnesota Case No. 03-1194 (JNE/JGL)

Ree v. Procom Technologies, Inc.,
USDC Southern New York, Case No. 02CV7613

Capri v. Comerica, Inc.,
USDC Eastern Michigan, Case No. 02CV60211 MOB

Porter v. Conseco, Inc.,
USDC Southern Indiana, Case No. 02-1332 SEB

In re Livent, Inc. Noteholders Litigation,
USDC Southern New York, Case No. 99 Civ 9425

Tatz v. Nanophase Technologies Corp.,
USDC Northern Illinois, Case No. 01C8440

Plumbing Solutions Inc. v. Plug Power, Inc.,
USDC Eastern New York, Case No. CV 00 5553 (ERK) (RML)

In re Simon Transportation Services, Inc. Securities Litigation,
USDC Utah, Case No. 2:98 CV 0863 K

The firm has also recently acted as Class Counsel in obtaining substantial benefits for shareholders in a number of actions, including:

<u>In re F & M Distributors Securities Litigation,</u>
        Eastern District of Michigan, Civ. No. 95 CV 71778 DT (Executive Committee Member)
        ($20.25 million dollar settlement)

<u>James F. Schofield v. McNeil Partners, L.P. Securities Litigation,</u>
        Los Angeles Superior Court, Case No. BC 133799

<u>Resources High Equity Securities Litigation,</u>
        Los Angeles Superior Court, Case No. BC 080254

The firm has served and currently serves as Class Counsel in a number of antitrust class actions, including:

<u>In re Nasdaq Market-Makers Antitrust Litigation,</u>
        USDC Southern District of New York, 94 C 3996 (RWS), MDL Docket No. 1023

<u>In re Brand Name Prescription Drug Antitrust Litigation,</u>
        USDC Northern District of Illinois, Eastern Division, Master File No. 94 C 897

Glancy Binkow & Goldberg LLP has been responsible for obtaining favorable appellate opinions which have broken new ground in the class action or securities fields or which have promoted shareholder rights in prosecuting these actions. Glancy Binkow & Goldberg successfully argued the appeals in <u>Silber v. Mabon I</u>, 957 F.2d 697 (9th Cir. 1992) and <u>Silber v. Mabon II</u>, 18 F.3d 1449 (9th Cir. 1994), which are the leading decisions in the Ninth Circuit regarding the rights of opt-outs in class action settlements. In <u>Rothman v. Gregor</u>, 220 F.3d 81, Glancy Binkow & Goldberg won a seminal victory for investors before the Second Circuit Court of Appeals, which adopted a more favorable pleading standard for investors in reversing the District Court's dismissal of the investors' complaint. After this successful appeal, Glancy Binkow & Goldberg then recovered millions of dollars for defrauded investors of the GT Interactive Corporation. The firm recently argued <u>Falkowski v. Imation Corp.</u>, 309 F.3d 1123 (9th Cir. 2002), <i>as amended</i>, 320 F.3 d 905 (9th Cir. 2003) and favorably obtained the substantial reversal of a lower court's dismissal of a cutting edge, complex class action brought to seek redress for a group of employees whose stock options were improperly forfeited by a giant corporation in the course of its sale of the subsidiary at which they worked. The revived action is currently proceeding in the California state court system.

The firm is also involved in the representation of individual investors in court proceedings throughout the United States and in arbitrations before the American Arbitration Association, National Association of Securities Dealers, New York Stock Exchange, and Pacific Stock Exchange. Mr. Glancy has successfully represented litigants in proceedings against such major securities firms and insurance companies as A.G. Edwards & Sons, Inc., Bear Stearns, Merrill Lynch, Pierce, Fenner & Smith, Inc., Morgan Stanley, PaineWebber Incorporated, Prudential Insurance Company, Prudential Securities, Inc., and Shearson Lehman Brothers, Inc.

One of firm's unique skills is the use of "group litigation" - the representation of groups of individuals who have been collectively victimized or defrauded by large institutions. This type of litigation brought on behalf of individuals who have been similarly damaged often provides an efficient and effective economic remedy that frequently has advantages over the class action or individual action devices. The firm has successfully achieved results for groups of individuals in cases against major corporations such as Metropolitan Life Insurance Company, Inc., and Occidental Petroleum Corporation.

Glancy Binkow & Goldberg LLP currently consists of the following attorneys:

## THE FIRM'S PARTNERS

**LIONEL Z. GLANCY**, the founding partner of the firm, was born in Windsor, Canada on April 4, 1962. Mr. Glancy earned his undergraduate degree in political science in 1984 and his J.D. in 1986, both from the University of Michigan. He was admitted to practice in California in 1988, and in Nevada and before the U.S. Court of Appeals, Ninth Circuit in 1989. Mr. Glancy was Law Clerk to the Hon. Howard D. McKibben, U.S. District Court, District of Nevada, 1987.

**PETER A. BINKOW**, a partner in Glancy Binkow & Goldberg, was born in Detroit, Michigan on August 16, 1965. Mr. Binkow earned his degree in English Literature from the University of Michigan in 1988 and attended law school at the University of Southern California (J.D., 1994). Mr. Binkow joined the Law Offices of Lionel Z. Glancy upon graduation and became a partner in 2002.

Mr. Binkow has prosecuted lawsuits on behalf of consumers and investors in state and federal courts throughout the United States. He served as Lead or Co-Lead Counsel in many class action cases, including In re National Techteam Securities Litigation ($11 million recovery for investors), In re Credit Acceptance Corporation Securities Litigation ($2.5 million recovery), In re Lason Inc. Securities Litigation ($12.68 million recovery), In re ESC Medical Systems, Ltd. Securities Litigation ($17 million recovery) In re GT Interactive Securities Litigation ($3 million recovery) and many others. Mr. Binkow has prepared and/or argued appeals before the Ninth Circuit, Sixth Circuit and Second Circuit Courts of Appeals.

Mr. Binkow is admitted to practice before the state of California, the United States District Courts for the Central, Northern and Southern Districts of California, the US District Court for the Eastern District of Michigan and the Ninth Circuit Court of Appeals. He is a member of the Los Angeles County Bar Association and the American Bar Association.

**MICHAEL GOLDBERG**, a partner in Glancy Binkow & Goldberg, specializes in federal securities, federal and state antitrust, and consumer fraud class action lawsuits. He has successfully litigated numerous cases which resulted in multi-million dollar recoveries for investors, consumers and businesses.

Mr. Goldberg was born in New York on April 27, 1966. He earned his BA degree in 1989 from Pitzer College - The Claremont Colleges, and his J.D. degree in 1996 from Thomas M. Cooley Law School. After graduation from law school, Mr. Goldberg joined the Law Offices of Lionel Z. Glancy and became a partner of Glancy Binkow & Goldberg in 2003. He was admitted to both the California and Florida bars in 1997 and is admitted to practice in numerous courts.

**ROBIN BRONZAFT HOWALD**, a native of Brooklyn, New York, returned home in 2001 to open the firm's New York City office. Mrs. Howald graduated magna cum laude from Barnard College in 1980, with a B.A. in psychology. In 1983, she received her J.D. from Stanford Law School, where she served as an Articles Editor for the Law Review. In addition to her current focus upon securities fraud and consumer class action matters, during her 20-year career, Mrs. Howald has handled cases in many different practice areas, including commercial disputes, professional malpractice, wrongful termination, bankruptcy, patent and construction matters. As outside counsel for the City of Torrance, California, she also handled a number of civil rights and land use matters, as well as a ground-breaking environmental action concerning Mobil Oil's Torrance refinery. Mrs. Howald has experience in pre-trial and trial procedure and has successfully prosecuted post-trial motions and appeals.

Mrs. Howald is a member of the bar of both California (1983) and New York (1995), and is admitted to practice in all federal judicial districts in California, the Southern and Eastern Districts of New York, and the United States Supreme Court. She co-authored "Potential Tort Liability in Business Takeovers" (California Lawyer, September 1986), was a speaker and contributing author at the Eighth Annual Current Environmental and Natural Resources Issues Seminar at the University of Kentucky College of Law (April 1991), and served as a Judge Pro Tem for the Los Angeles County Small Claims Court (1996-1997). Married in 1985, Mrs. Howald and her husband have two sons. An avid runner, Mrs. Howald has completed six marathons.

**SUSAN G. KUPFER**, the partner resident in the San Francisco office of Glancy Binkow & Goldberg, joined the firm in 2003. She is a native of New York City and received her A.B. degree from Mount Holyoke College in 1969 and her J.D. from Boston University School of Law in 1973. She did graduate work at Harvard Law School and, in 1977, was named Assistant Dean and Director of Clinical Programs at Harvard, supervising and teaching in that program of legal practice and related academic components.

For much of her legal career, she has been a professor of law. She has taught at Hastings College of the Law, Boston University School of Law, Golden Gate University School of Law and Northeastern University School of Law. Since 1991, she has been a lecturer on law at University of California, Berkeley, Boalt Hall, teaching Civil Procedure and Conflict of Laws. Her areas of academic expertise are Civil Procedure, Federal Courts, Conflict of Laws, Constitutional Law, Legal Ethics and Jurisprudence. Her publications include articles on federal civil rights litigation, legal ethics and jurisprudence. She has also taught various aspects of practical legal and ethical training, including trial advocacy, negotiation and legal ethics, to both law students and practicing attorneys.

She previously served as corporate counsel to The Architects Collaborative in Cambridge and San Francisco and was the executive director of the Massachusetts Commission on Judicial Conduct. She returned to the practice of law in San Francisco with Morgenstein & Jubelirer and Berman DeValerio Pease Tabacco Burt & Pucillo before joining the Firm. Her practice is concentrated in antitrust, securities and consumer complex litigation. She has been a member of the lead counsel team which achieved significant settlements in the following cases: *In re Sorbates Antitrust Litigation ($96.5 million settlement), In re Pillar Point Partners Antitrust Litigation ($50 million settlement), In re Critical Path Securities Litigation ($17.5 million settlement), In re New Era of Networks II Securities Litigation ($5 million settlement).*

She is a member of the Massachusetts and California State Bars and the United States District Courts for the Northern, Central and Southern districts of California, the District of Massachusetts, the First and Ninth Circuits Courts of Appeal and the U.S. Supreme Court.

## OF COUNSEL

**NEAL A. DUBLINSKY** was born in Flushing, New York on January 15, 1963. He earned his undergraduate from Yeshiva University in 1984, graduating *summa cum laude*, (highest-ranking graduate of his class) and was the recipient of the Dean Isaac Bacon Award for Excellence in the Humanities. Mr. Dublinsky earned his J.D. form New York University School of Law in 1987 where he participated in the Consumer Protection Clinical Program under renowned Professor Anthony G. Amsterdam. Mr. Dublinsky was admitted to the state bar of California in 1988.

**KEVIN F. RUF** was born in Wilmington, Delaware, December 7, 1961. Mr. Ruf graduated from the University of California at Berkeley in 1984 with a B.A. in Economics and earned his J.D. from the University of Michigan in 1987. Mr. Ruf was admitted to the State Bar of California in 1988. Mr. Ruf was an associate at the Los Angeles firm Manatt Phelps and Phillips from 1988 until 1992, where he specialized in commercial litigation. He was "of counsel" to the Los Angeles firm Corbin & Fitzgerald from 1993 until 2001 where he specialized in white collar criminal defense work, including matters related to National Medical Enterprises, Cynergy Film Productions and the Estate of Doris Duke. Mr. Ruf has extensive trial experience, including jury trials, and considers his courtroom skills to be his strongest asset as a litigator. In his spare time, Mr. Ruf is an actor and comic. He is a full member of the world-famous Groundlings Theatre and has appeared in a number of television shows and films, including "Seinfeld," "Friends," "Spin City," and "Curb Your Enthusiasm." Mr. Ruf is a member of the Los Angeles County Bar Association.

**ROBERT A. ZABB**, attended Yale College and Columbia Law School, and received his B.A. in 1975 and his J.D. in 1979. Mr. Zabb is admitted to practice in California, New York and Massachusetts, in state and federal courts in those jurisdictions. His practice has consisted of general business litigation with a specialization in federal securities litigation on the plaintiff and defense sides. He has practiced actively in the U.S. District Courts for the Southern and Eastern Districts of New York, which are important centers for securities litigation. Mr. Zabb's accomplishments are reflected in numerous reported case decisions, particularly in the cases known as SEC v. Thrasher (Southern District of New York) and In re MTC Securities Litigation (Eastern District of New York). Mr. Zabb has had the privilege of arguing a case before the U.S. Supreme Court. This was a securities case delineating the permissible scope of a private right of action, and is known as Employers Insurance of Wausau v. Musick, Peeler and Garrett.

**MARK LABATON** has extensive experience successfully litigating complex, multi-million lawsuits as both a plaintiffs' and a defendants' lawyer. Mark has played the primary role in cases resulting in settlements or judgments in favor of parties he represented of more than $200 million. He has prosecuted corporate governance, securities, whistleblower (Qui Tam), consumer and commercial cases throughout the country, including class and derivative actions. In addition, he has defended Fortune 500 companies, private companies, federal agencies and corporate executives.

Previously, as an Assistant United States Attorney for the Central District of California, Mark investigated and brought numerous high-profile cases in Los Angeles and Orange Counties to successful conclusions. These included white-collar fraud, financial institution fraud, whistleblower (Qui Tam) and other False Claims Act cases involving healthcare, defense contracting, minority and women contracting and other governmental program fraud. Mark received awards and commendations from a United States Attorney General, several United States Attorneys and numerous federal agencies.

Mark is a graduate of Duke University Law School (class of 1988), where he served as a staff member and later editorial board editor of the Duke Law Journal. He received the Hervey M. Johnson Writing Prize for the best law review article. Mark earned a master's degree in journalism from Northwestern University's Medill School of Journalism and a bachelor's degree in history from Oberlin College.

**ROBERT PERKINS** was born May 22, 1955, in Highland Park, Illinois. Mr. Perkins attended the University of Illinois, Champaign, Urbana, graduating in 1979 with a B.S. in Finance (honors). Mr. Perkins thereafter attended law school at the University of Missouri, Columbia, graduating in 1982 (CJS awards - State and Local Taxation; Internship - Missouri Supreme Court, Chief Judge Albert Rendlen). Following law school, Mr. Perkins ran his own law firm, practicing complex litigation, product liability litigation and class action litigation.

**MICHAEL B. ACKERMAN** was born in Brooklyn, New York, June 30, 1962. He received his Bachelor of Arts from Columbia University in 1984 and attended Fordham University Law School (J.D. 1987). Mr. Ackerman was admitted to the New York bar in 1989 and the California bar in 1990. Mr. Ackerman is a member of the American Bar Association, the Los Angeles County Bar Association and the Association of the Bar of the City of New York.

**CLAUDIA J. BUGH** joined Glancy Binkow & Goldberg LLP in 2003. Ms. Bugh is California licensed as both an attorney and a C.P.A. She previously practiced law in South Bend, Indiana after graduating summa cum laude from the Notre Dame Law School in 1994. Before attending law school Ms. Bugh was an auditor with Deloitte and Touche. She has a bachelors degree in business economics from the University of California-Santa Barbara where she graduated in 1988 with the highest honors.

## ASSOCIATES

**DALE MacDIARMID** is a native of Los Angeles, California. He holds a B.A. in Journalism (with Distinction) from the University of Hawaii, and a J.D. from Southwestern University School of Law, where he was member of the Board of Governors of the Interscholastic Trial Advocacy Honors Program. He is admitted to practice in California and before the United States District Courts for the Central and Northern Districts of California. Dale is a member of Kappa Tau Alpha, the national journalism honor society, and before joining Glancy Binkow & Goldberg he was a writer and editor for newspapers and magazines in Honolulu and Los Angeles.

**DANIEL HARGIS** was born in Huntsville, Alabama in 1975. He graduated from UCLA (B.A., 1998), and UCLA School of Law in 2002. He was admitted to the California bar in 2003.

**AVRAHAM (AVI) NOAM WAGNER** joined Glancy Binkow & Goldberg LLP in 2003 after graduating from Georgetown University Law Center. During law school he gained valuable experience prosecuting securities cases while working at the United States Securities and Exchange Commission in Washington, D.C. Mr. Wagner is conversant in both Italian and Hebrew.

# EXHIBIT E - FIRM RESUMÉ

# Murray, Frank & Sailer LLP

275 Madison Avenue, Suite 801
New York, New York 10016
Tel:(212) 682-1818
Fax:(212) 682-1892
www.murrayfrank.com
info@murrayfrank.com

MURRAY, FRANK & SAILER LLP specializes in class action litigation, particularly in cases involving federal securities law, federal antitrust law, ERISA, and state consumer protection law.

## SECURITIES FRAUD

Murray, Frank & Sailer LLP, or its predecessor firms Rabin & Peckel LLP and Rabin, Murray & Frank LLP, has been lead or co-lead counsel in securities actions throughout the United States, including the following:

*In re JWP Inc. Securities Litigation* (S.D.N.Y.) ($40 million); *In re Turkcell Iletisim Hizmetleri A.S. Securities Litigation.* (S.D.N.Y.) (recovery of $19.2 million); *In re PictureTel Inc. Securities Litigation* (D. Mass.) ($14 million); *In re Marion Merrell Dow Inc. Securities Litigation* (W.D. Mo.) ($14 million); *LaVallie v. Owens-Corning Fiberglas Corp.* (N.D. Ohio) ($10 million); *In re USX Securities Litigation* (W.D. Pa.) ($9 million); *Miller v. Bonmati* (Del. Ch.) ($9.9 million); *Feiner v. SS&C Tech., Inc.* (D. Conn.) ($8.8 million).

## ANTITRUST

The Firm also represents plaintiffs in federal and state class actions arising out of applicable anti-trust laws, including the *Infant Formula, Brand Name Pharmaceutical, Nasdaq, VISA/MasterCard, Playmobil*, and *Disposable Contact Lens* cases.

The firm is currently counsel in two cases involving Sherman Act violations in the Southern District of New York: *In re Time Warner Cable Com.* and *In re American Express*.

In the *Playmobil* Case, Murray, Frank & Sailer was co-lead counsel, representing a class of purchasers of Playmobil products. Murray, Frank & Sailer was successful in obtaining certification of a plaintiff class in an oft-cited opinion and settling the case on favorable terms to the class. The Court, at the fairness hearing, "compliment[ed] both counsel in the fine job done negotiating with each other and also the legal work that has been submitted to the Court." In the *Disposable Contact Lens* case, Murray, Frank & Sailer represented a class of purchasers of disposable

contact lenses in California, and eventually obtained reversal in the California appellate courts of a denial of class certification.

## CONSUMER PROTECTION

In the consumer protection area, the firm has represented as lead counsel classes of consumers in cases involving, *inter alia,* wrongful billing practices and poor service by wireless communications providers; wrongful billing practices by credit card companies, banks and retailers; deceptive labeling of food products; brokerage fees imposed with no or insufficient notice; AWP overcharges; faulty automobile seat heaters, and artificial sweeteners. Among its cases of note, the Firm recently recovered benefits worth $40 million in *Naevus Int'l v. AT&T Corp., et al.,* a consumer class action brought in New York State Supreme Court on behalf of consumers who subscribed to AT&T's Digital One Rate wireless service.

## ERISA

Murray, Frank & Sailer is prosecuting numerous actions in federal court against employers on behalf of employees for employee investment fund mismanagement; knowingly offering, marketing, and selling improper investments to employees for their retirement accounts; and knowingly misrepresenting the prospects of the employees' company in order to sell company stock to the them. The firm is currently co-lead counsel in the *Winn-Dixie Stores, Inc. ERISA Litigation* (S.D. Fla.).

## THE PARTNERS

**BRIAN MURRAY**, a partner, was admitted to the Connecticut bar in 1990, to the bars of the New York and the United States District Courts for the Southern and Eastern Districts of New York in 1991, the bars of the Second Circuit in 1997 and the First and Fifth Circuit in 2000. He received B.A. and M.A. degrees from the University of Notre Dame in 1983 and 1986, respectively. He received a J.D. degree, *cum laude*, from St. John's University School of Law in 1990. At St. John's, he was the Articles Editor of the ST. JOHN'S LAW REVIEW. Mr. Murray co-wrote *The Accident of Efficiency: Foreign Exchanges, American Depository Receipts, and Space Arbitrage*, 51 BUFFALO L. REV. 383 (2003); *You Shouldn't Be Required To Plead More Than You Have To Prove*, 53 BAYLOR L. REV. 783 (2001); *He Lies, You Die: Criminal Trials, Truth, Perjury, and Fairness*, 27 NEW ENGLAND JOURNAL ON CIVIL AND CRIMINAL CONFINEMENT 1 (2001); *Subject Matter Jurisdiction Under the Federal Securities Laws: The State of Affairs After Itoba*, 20 MARYLAND JOURNAL OF INTERNATIONAL LAW AND TRADE 235 (1996); *Determining Excessive Trading in Option Accounts: A Synthetic Valuation Approach*, 23 U. DAYTON L. REV. 316 (1997); *The PSLRA 'Automatic Stay' of Discovery*, NEW YORK LAW JOURNAL (March 3, 2003); and *Inherent Risk In Securities Cases In The Second Circuit*, NEW YORK LAW JOURNAL (Aug. 26, 2004). He also authored *Aftermarket Purchaser Standing Under § 11 of the Securities Act of 1933*, 73 ST. JOHN'S L. REV. 633 (1999); *Recent Rulings Allow Section 11 Suits By Aftermarket Securities Purchasers*, NEW YORK LAW JOURNAL (September 24, 1998); and Comment, Weissmann v. Freeman: *The Second Circuit Errs in its Analysis of Derivative Copyrights by Joint Authors*, 63 ST. JOHN'S LAW REVIEW 771 (1989).

Mr. Murray's major cases include *Feiner v. SS&C Tech., Inc.*, 11 F. Supp. 2d 204 (D. Conn. 1998) (qualified independent underwriters held liable for pricing of offering); *Malone v. Microdyne Corp.*, 26 F.3d 471 (4th Cir. 1994) (reversal of directed verdict for defendants); and *Adair v. Bristol Tech. Systems, Inc.*, 179 F.R.D. 126 (S.D.N.Y. 1998) (aftermarket purchasers have standing under section 11 of the Securities Act of 1933, in which Judge Sweet stated plaintiffs' counsel were "skilled advocates and negotiators," 1999 WL 1037878, at *3 (S.D.N.Y. 1999). Mr. Murray also prevailed on an issue of first impression in the Superior Court of Massachusetts, in *Cambridge Biotech Corp. v. Deloitte and Touche LLP*, in which the court applied the doctrine of continuous representation for statute of limitations purposes to accountants for the first time in Massachusetts. 6 Mass. L. Rptr. 367 (Mass. Super. Jan 28, 1997). In addition, in *Adair v. Microfield Graphics, Inc.* (D. Or.), Mr. Murray

settled the case for 47% of estimated damages and the Court noted "Plaintiff's counsel have exhibited a high quality of work in prosecuting this action."

Mr. Murray was a Trustee of the Incorporated Village of Garden City (2000-2002); Commissioner of Recreation for Garden City (2001-2002); Commissioner of Police for Garden City (2000-2001); Member, Sports Law Committee, Association of the Bar for the City of New York, 1994-1997; Member, Federal Bar Counsel, Litigation Committee, Association of the Bar for the City of New York, 2003-Present.

Mr. Murray has been a panelist at CLEs sponsored by the Federal Bar Council and the Institute for Law and Economic Policy.

**MARVIN L. FRANK**, the managing partner, was admitted to the New York, New Jersey, and the United States District Court for the District of New Jersey bars in 1991, to the bars of the United States District Courts for the Southern and Eastern Districts of New York in 1992, to the bars of the Second Circuit in 1998 and Seventh Circuit in 1999, and to the bar of the United States Supreme Court in 2004. He graduated with a B.A. degree from The City College of New York in 1969, an M.B.A. degree from Bernard M. Baruch College in 1974, and received his J.D. degree, *magna cum laude*, from New York Law School in 1991. At New York Law School, he received the Kaplun Foundation Award For Academic Excellence.

Mr. Frank's major cases include *Miller v. Bonmati,* Del. Ch., C.A. No. 15849, Lamb, V.C. (March 18, 1999), in which the Court stated "I am quite pleased by the work that was done by the plaintiffs' counsel. They seem to have done a very professional job of dealing with a difficult situation and have obtained, from everything I can ascertain from the record in front of me, quite a beneficial settlement that gives an opportunity for this situation to work itself out."; *In re JWP Inc. Securities Litigation* (S.D.N.Y.) (recovery of approximately $40 million); *In re Marion Merrell Dow Inc. Securities Litigation* (W.D. Mo.) ($14 million); *In re PictureTel Inc. Securities Litigation* (D. Mass) ($14 million); *In re ContiFinancial Securities Litigation* (S.D.N.Y.) ($5.5 million); *In re Quintiles Transnational Securities Litigation* (M.D.N.C.) ($3 million).

**JACQUELINE SAILER**, a partner, was admitted to the Delaware bar in 1990, to the bar of the United States District Court for the District of Delaware in 1991, to the bars of the State of New York and the United States District Courts for the Southern and Eastern Districts of New York in 1996, to the bars of the United States Court of Appeals for the Sixth Circuit and the United States District Court for the District of

Colorado in 1997, and to the bar of the United States Court of Appeals for the Second Circuit in 1998. She graduated with honors from Smith College with a B.A. degree in 1985. She received a J.D. degree from St. John's University School of Law in 1990. While attending law school, Ms. Sailer interned with the United States Attorneys' Office for the Eastern District of New York and the New York Regional Office of the United States Securities and Exchange Commission. Ms. Sailer is fluent in French and German. She is a member of the Federal Bar Council; member, National Association of Consumer Advocates; and member, Association of the Bar for the City of New York, including the Sex and Law Committee, 1996-1999.

Ms. Sailer was responsible for the recent recovery of $40 million worth of benefits for a plaintiff class of wireless consumers in a consumer class action, *Naevus Int'l, Inc. v. AT&T Corp.* Her major reported cases as lead counsel include *Naevus Intl., Inc. v. AT&T Corp.*, 713 N.Y.S.2d 642 (Sup. Ct. New York Co. 2000) (establishing limits on the reach of the Federal Communications Act on state consumer fraud claims), in which she successfully argued against a motion to dismiss on behalf of a class of current and former subscribers to AT&T's wireless service; and a federal securities class action, *Kinney v. Metro Global Media, Inc.*, 170 F. Supp. 2d 173 (D.R.I. 2001) (addressing the pleading standard for fraud under the Private Securities Litigation Reform Act of 1995 for claims against an auditor, an issue of first impression in the District of Rhode Island), in which she successfully argued and opposed an auditor's motion to dismiss claims under Section 10(b) of the Securities Exchange Act of 1934; *Baffa v. Donaldson, Lufkin & Jenrette Securities Corp.*, 999 F. Supp. 725 (S.D.N.Y. 1998) (denying underwriters' motion to dismiss securities fraud claims). Currently her case responsibilities include serving as lead counsel and co-chairperson of the executive committee in securities fraud cases brought against Merrill Lynch & Co. based on fraudulent analyst reports, pending in the Southern District of New York.

**ERIC J. BELFI**, a partner, was admitted to the bars of the State of New York and the United States District Court for the Southern and Eastern Districts of New York in 1996; United States District Court for the Eastern District of Michigan in 2002; and, the United States District Court for the District of Colorado in 2004. He graduated from Georgetown University with a B.A. degree in 1992 and received a J.D. degree from St. John's University School of Law in 1995. He is a member of the Federal Bar Council and the Association of the Bar for the City of New York.

Prior to joining Murray, Frank & Sailer, Mr. Belfi worked as Assistant Attorney General for the State of New York and Assistant District Attorney for the County of Westchester. As a prosecutor, Mr. Belfi investigated and prosecuted numerous white-

collar crime cases, including violations of securities laws. In this capacity, Mr. Belfi obtained a number of felony convictions after jury trials.

Mr. Belfi is an associate prosecutor for the Village of New Hyde Park.

## THE ASSOCIATES

**GREGORY B. LINKH**, an associate, was admitted to the bars of the State of New York and the United States District Court for the Southern and Eastern Districts of New York in 2000. He graduated from the State University of New York at Binghamton with a B.A. degree in 1996 and received a J.D. degree from the University of Michigan in 1999. Mr. Linkh is the co-author of *Inherent Risk In Securities Cases In The Second Circuit*, NEW YORK LAW JOURNAL (Aug. 26, 2004).

Prior to joining Murray, Frank & Sailer, Mr. Linkh was associated with the law firms Dewey Ballantine LLP and Pomerantz Haudek Block Grossman & Gross LLP.

**DONALD J. WALLACE**, an associate, was admitted to the New York bar in 1992. He earned a B.S. from the New York Institute of Technology in 1987, and a J.D. from St. John's University School of Law in 1991. While at St. John's, he was a member of the Law Review and was awarded the American Jurisprudence Award for Contracts I. He co-authored *You Shouldn't Be Required To Plead More Than You Have To Prove*, 53 BAYLOR L. REV. 783 (2001); *Jehovah's Witnesses and the Refusal of Blood Transfusions: A Balance of Interests*, 33 CATHOLIC LAWYER 361 (1991). Prior to entering law school, Mr. Wallace was a licensed stockbroker in Garden City, New York.

**BRIDGET V. HAMILL**, an associate, was admitted to the New Jersey bar in 2001 and to the New York bar in 2005. She received a J.D. degree in 2000 from Rutgers School of Law and a B.A. from Douglass College of Rutgers University in 1985. Prior to joining Murray, Frank & Sailer, Ms. Hamill was law clerk to U.S. Magistrate Judge Mark Falk in the District of New Jersey. While attending law school, she was an employee stock options/stock purchase plan administrator in New York City. Prior to entering law school, Ms. Hamill was a health care information systems manager.

**AARON D. PATTON**, an associate, was admitted to the bar of the State of New York in 2003 and United States District Court for the Southern District of New York and the Eastern District of New York in 2004. He graduated from San Jose State University *magna cum laude* with a B.A. degree in 1997and received his J.D. degree from the University of Wisconsin Law School in 2001. Prior to joining Murray, Frank & Sailer,

7

Mr. Patton was a licensed equity trader at a private securities trading firm in New York's financial district.

**PAUL T. CURLEY**, an associate, was admitted to the bars of the State of New York in 1998 and the United States District Court for the Southern and Eastern Districts of New York in 1999. He graduated from the College of the Holy Cross with a B.A. degree in 1993 and received a J.D. degree from Brooklyn Law School in 1997. While in law school, he interned at the New York State Attorney General, Investor Protection and Securities Bureau. Since graduating law school, Mr. Curley has practiced primarily in the area of securities fraud class action litigation. He is a member of the Association of the Bar of the City of New York and the American Bar Association.

**LLOYD M. DONDERS** was admitted to the bar of the State of New York in 2002 and the United States District Court for the Southern District of New York and the Eastern District of New York in 2004. He graduated from State University of New York at Binghamton with a B.S. degree in Management and a concentration in Management Information Systems in 1995 and received a J.D. degree from Brooklyn Law School in 1999. He is a member of the New York State Bar Association's Business Law Section's Committee on Securities Regulation. Mr. Donders has experience in the area of Medicaid pharmaceutical litigation.

**THOMAS J. KENNEDY** was admitted to the New York bar and the bars of the United States District Courts for the Southern and Eastern Districts of New York in 1996. He received a J.D. degree in 1995 from St. John's University School of Law and a B.S. in Accounting from Miami University in 1992. Mr. Kennedy passed the CPA exam in 1998.

**PATRICE STEPHENSON-JOHNSON** was admitted to the Alabama State Bar in 2003 and the Northern and Middle Districts of Alabama for the Eleventh Circuit. She received a B.S. from the University of Alabama Birmingham in 1998 and a J.D. from the University of Alabama in 2002. She received a Master of Laws in International/Transnational Law from Temple University School of Law and Temple University Japan in 2004. Mrs. Johnson has clerked for United States Magistrate John E. Ott in Northern District of Alabama.

# EXHIBIT F - FIRM RESUMÉ

# GILMAN AND PASTOR, LLP

## *FIRM RESUME*

*GILMAN AND PASTOR, LLP* is a law firm which concentrates in class action litigation on behalf of consumers, small businesses and investors. The firm has broad experience in the areas of consumer protection, products liability, antitrust, securities and other types of complex litigation. Although Gilman and Pastor, LLP's offices are located in Massachusetts and Florida, the firm litigates cases throughout the country, including both federal and state courts. Many of the firm's cases have involved complex multi-district litigation, including appearances before the Judicial Panel on Multi District Litigation. The attorneys in the firm are experienced in, and thoroughly familiar with, all aspects of class action litigation, including the underlying substantive law, the procedures recommended in the Manual for Complex Litigation, and the substance and procedure of class certification. The firm has recovered hundreds of millions of dollars for the clients it has represented.

## *REPRESENTATIVE CASES BY AREA OF PRACTICE*

### Securities

The firm is actively involved in litigation on behalf of defrauded individual and institutional investors in both class action and shareholder derivative litigation.

The firm served as Co-Lead Counsel in In re Blech Securities Litigation, 94-CIV-7696-RWS (S.D. N.Y.) asserting market manipulation claims against the brokerage firm of D. Blech & Co., its principals, its clearing broker, and several other alleged participants in connection with an alleged scheme to inflate the prices of various biotechnology securities. In a vigorously litigated case, the firm and its co-counsel obtained certification of a class of purchasers of 22 separate securities, successfully opposed various motions to dismiss, and, subsequently, motions for summary judgment, and after extensive discovery and trial preparation, negotiated over $15 million in cash settlements on behalf of the class. This case resulted in several reported opinions, including one that has been frequently cited and referred to by commentators on the issue of clearing broker liability. In re Blech Securities Litigation, 961 F. Supp. 569 (S.D. N.Y. 1997).

Gilman and Pastor, LLP served as Co-Lead Counsel in Hynes v. The Enstar Group, Inc., et al. 90-C-1204-N (M.D. Alabama). In the face of substantial risks of an unsuccessful outcome due to the bankruptcy (and consequent immunity from suit) of Enstar and the bankruptcy of Enstar's chairman who was the chief architect of the fraud, Gilman and Pastor, LLP aggressively litigated the case on behalf of the Class and obtained settlements totaling in excess of $19 million from several defendants, including a major accounting firm, a major law firm, and former outside directors after the conclusion of extensive discovery and immediately prior to the scheduled trial. Subsequently, Gilman and Pastor, LLP won an additional $4.1 million for the class in collateral litigation against Michael Milken and related entities.

The firm was Co-Lead Counsel in <u>Cooper v. Kana, et al</u>. Civil Action No. 3:98-CV-2804-M (N.D. Texas) on behalf of purchasers of CPS Systems, Inc. ("CPS") stock in connection with its $8.74 million initial public offering ("IPO") and trading on the American Stock Exchange thereafter, against CPS, its officers and directors, the underwriters for its IPO, and CPS's independent auditors, alleging misstatements in the IPO Prospectus and subsequent press releases and SEC filings concerning CPS's revenue recognition methods and reported revenues and earnings. After CPS restated its earnings and filed bankruptcy, the firm and its co-counsel obtained class certification, defeated various motions to dismiss, conducted discovery, engaged in two separate mediations, and ultimately recovered $3.44 million in cash settlements on behalf of the class against the remaining defendants.

The firm served as Co-Lead Counsel in <u>Lynn v. Infinity Investors Limited, et al</u>. 3:97-CV-226 (E.D. Tenn.), a case asserting claims for open market securities fraud and for breach of contract arising out of an alleged complex scheme to evade the requirements of Regulation S of the Securities Act of 1933 and to manipulate the market prices of United Petroleum Corporation ("UPET") stock. The firm obtained class certification, successfully objected to UPET's bankruptcy plan in another jurisdiction that would have otherwise dismissed the action with prejudice, and overcame other significant obstacles in a vigorously litigated case to ultimately obtain a $4 million cash settlement, recovering a very substantial portion of actual losses claimed by class members.

Gilman and Pastor, LLP served as Co-Lead Counsel in <u>In re Hallwood Energy Partners L.P. Securities Litigation</u>, 90-Civ-1555-JFK (S.D.N.Y.) in which a $9.1 million settlement was obtained after five years of intensive litigation. This class action arose out of a complex merger and exchange offer transaction involving several publicly traded oil and gas limited partnership entities. The litigation challenged the fairness of the exchange and involved highly complex oil and gas valuations and methodologies. Gilman and Pastor, LLP effectively managed the litigation and diligently prosecuted the case on behalf of a Class of approximately forty thousand unitholders.

Gilman and Pastor, LLP served as Co-Lead Counsel in <u>Caven v. Miller, et al</u>. No. H-96-CV-3464 (EW) (S.D. Tex.), a shareholder derivative action arising out of the merger of a publicly held hospital company with and into a firm in the same industry that had been privately held. After the merger, the successor firm downwardly restated its financial results due to its own previously undisclosed accounting irregularities and losses. After defeating motions to dismiss on various grounds, conducting discovery, and engaging in mediations, Plaintiffs recovered over $18 million in benefits on behalf of the successor company from various insiders of both companies involved.

The firm served as one of four co-lead counsel representing a class of securities purchasers in <u>In re Immunex Securities Litigation</u>, No. C92-548 (W.D. Wash.), and obtained a settlement of $14 million.

The firm served as one of three co-lead counsel representing a class of limited partners in In re Oxford Tax Exempt Fund Securities Litigation, No. 95-3643 (D. Md.), a case asserting federal securities and related common law claims arising out of a complex partnership restructuring transaction, and obtained a settlement valued in excess of $11 million.

Gilman and Pastor, LLP served as lead counsel in Sullivan, et al. v. Shearson California Radisson Plaza Partners, Limited Partnership, et al., No. 89-5472-JMI (C.D. Cal.), a case arising out of a publicly offered limited partnership wherein claims under the 1934 Exchange Act and the 1933 Securities Act were asserted on behalf of the investors. The case involved complex issues of hotel appraisal and valuation, and resulted in a settlement valued in excess of $11 million on behalf of the class.

In Hartley v. Stamford Towers Limited Partnership, et al., No. C-90-2146-JPV (N.D. Cal.), another action arising out of a public limited partnership offering, the firm served as co-lead counsel for the investor class and obtained a settlement of $6.5 million. In that litigation the plaintiffs engaged in extensive discovery and negotiations and consultation with real estate valuation experts, in the face of several challenging obstacles.

The firm served as co-lead counsel representing a class of more than 4,000 investors in a series of oil and gas drilling programs in the Woodlands Energy and Development Corporation/ Intercomex Financial Corp. Litigation (encompassing several related civil actions in various federal and state courts in Texas and California). That litigation involved complicated securities issues, as well as certain novel insurance liability questions, and was also contested vigorously by the defendants with respect to every aspect of the case. In that case, plaintiffs' counsel overcame several rounds of briefing on motions to dismiss the pleadings and a vigorous opposition to class certification. Counsel then engaged in a long series of merits discovery, and eventually took part in intense negotiations that led to several partial settlements. Ultimately, Gilman and Pastor, LLP, together with their co-counsel, recovered in excess of $11 million for investors.

The firm was one of four firms actively involved in Alert Income Partners Securities Litigation, No. 92-2-9150 (D. Colo.) a securities class action brought against promoters of a series of limited partnerships, their auditors and other parties. After extensive discovery, a settlement was reached valued at $60 million.

Gilman and Pastor, LLP, as lead class counsel, achieved a successful settlement in the case of Hutson, et al. v. Merrill Lynch, Pierce, Fenner & Smith, et al., No. 89 Civ. 8358 (L.M.M.) (S.D.N.Y.). That case, which arose out of the offering of limited partnership interests, involved mortgage revenue bonds issued by many state and local government agencies which were secured by participating non-recourse mortgage loans on fourteen apartment projects and retirement communities. As lead counsel, Gilman and Pastor, LLP was responsible for and managed all aspects of the complex litigation which also involved the subject areas of real estate financing and valuation, secured lending and foreclosure. In addition, because the case involved a 1985

offering, there were serious statute of limitations questions facing plaintiffs and plaintiffs' counsel. Despite these momentous problems, the firm obtained a settlement valued at $14 million for the class. Judge McKenna, in approving the settlement, praised plaintiffs' counsel for their efficient work.

Gilman and Pastor, LLP was one of five firms actively involved in the In re Granada Partnership Securities Litigation, MDL No. 837 (S.D. Tex.), in which a partial settlement in excess of $14 million was reached with certain of the defendants. This was an extremely contentious lawsuit in which every procedural step was a pitched battle. After protracted litigation with extensive motion practice, the partial settlement was reached, which accounted for virtually all of the available financial resources of the settling defendants.

Other examples of the firm's litigation ability are the dual settlements achieved in the related cases styled In re Permian Partners, L.P. Securities Litigation, No. 11373 (Del. Ch. Ct.) and Rodgers v. National Intergroup, Inc., et al. No. 90-11653-Z (D. Mass.). Gilman and Pastor, LLP was designated as lead counsel and directed and participated in every aspect of the cases. The first settlement, valued at $6.1 million, plus non-monetary benefits, arose out of an action in the Delaware Chancery Court challenging a merger of limited partnership interests. Gilman and Pastor, LLP conducted extensive discovery in that litigation, most of which was done on an expedited basis, and consulted with experts, including authorities on oil and gas. The litigation involved many complex issues, including issues relating to the valuation of interstate and intrastate pipeline assets. The settlement was reached after the conclusion of expedited discovery and prior to a hearing on our motion for preliminary injunction. The second settlement successfully concluded litigation in the U.S District Court in Massachusetts arising out of the 1987 public offering of the partnership interests which later became the subject of the merger proposal.

Gilman and Pastor, LLP has also played a major role in significant litigation challenging limited partnership roll-ups, restructurings, exchanges and mergers, including the Hallwood Energy, Oxford and Permian cases described above, Adam et al. v. Berkshire Realty Corporation, No. 90-12864 WF (D. Mass), where the firm served as co-lead counsel and achieved a settlement consisting of cash and warrants valued at $7.5 million, In re Equitec Rollup Litigation, Master File No. C-90-2064 (N.D. Cal); Laurence v. Brewer, No. 97-15464 (Del. Ch. Ct.), where the firm served as co-lead counsel (challenging a tender offer by general partners for publicly traded master limited partnership, and obtaining settlement with establishment of dividend payments to limited partners); LLOV Partners v. INCO Limited, No. 00-4999 (NHP) (D.N.J.) (challenging tender offer by parent company for tracking stock of subsidiary); and Rosenblum v. Equis Financial Group, No. 98-8030 (S.D. Fla.) (class and derivative settlements on behalf of three sub-classes).

Gilman and Pastor, LLP has also been actively involved in numerous other class actions arising under the federal securities laws, including In re Painewebber Inc. Limited Partnership Litigation, No. 94-CV-8547 (S.D.N.Y.); In re The One Bancorp Securities Litigation, No. 89-0315-P (D.

Me.); <u>In re VMS Securities Litigation</u>, No. 89C 9448 (N.D. Ill.); <u>In re Shearson Union Square Associates Securities Litigation</u>, (Del. Ch. Ct.); <u>In re Software Publishing Securities Litigation</u>, C-93-20246 (N.D. Cal.); <u>In re Prudential-Bache Energy Income Partnerships Litigation</u>, MDL No. 888 (E.D. LA); <u>In Re: T² Medical Inc. Shareholder Litigation</u>, 92-CIV-1564 (N.D. Ga.); <u>In re Interneuron Pharmaceuticals Securities Litigation</u>; 97-12254 (D. Mass.); <u>In re UDC Homes Securities Litigation</u>, 95-08941 (Maricopa County, AZ Superior Ct.); and <u>In re Towers Financial Securities Litigation</u>, 93-0810 (S.D.N.Y.).

## Defective Products

Gilman and Pastor, LLP is actively involved in litigation involving defective products, including defective building products, pharmaceutical products, motor vehicles, electronics and other products.

In <u>Sebago, Inc., et al. v. Beazer East, Inc., et al.</u>, No. 96-10069 (D. Mass.), Gilman and Pastor, LLP served as lead class counsel in a suit on behalf of owners of buildings with corrosive phenolic foam roof insulation. The litigation was extremely contentious, involved numerous potentially dispositive motions, discovery motions and extensive class certification proceedings. The defendants ultimately produced hundreds of thousands of documents as well as hundreds of depositions. To prepare for hearings on class certification, summary judgment and trial, Gilman and Pastor marshaled testimony from experts in a variety of disciplines, including roof engineering, structural engineering, materials science and corrosion, and financial analysis. The firm obtained a significant decision upholding RICO claims against the manufacturers. See <u>Sebago, Inc. v. Beazer East, Inc.</u>, 18 F. Supp. 2d 70 (D.Mass. 1998). The Court recently approved nationwide class settlements with the two manufacturers of the phenolic foam insulation, worth a combined estimated present value of more than $240 million.

In <u>Coleman, et al. v. GAF Building Materials Corporation</u>, No. CV-96-0954-GALANOS (Circuit Court of Mobile County, Alabama), Gilman and Pastor, LLP served as lead counsel for a nationwide class of persons who owned properties with defective roofing shingles. The firm recently obtained a settlement with benefits estimated at a present value in excess of $75 million.

In <u>Paradis v. Bird Incorporated</u>, No. 00-C-0235 (Merrimack, N.H. Superior Court), Gilman and Pastor, LLP served as lead counsel on behalf of purchasers of Bird defective roofing shingles. The settlement obtained was valued at approximately $9.6 million.

Other cases handled by the firm involving defective building products include <u>Foster v. ABTco, Inc.</u> (Civil Action No. CV95-151-M, Choctaw County, Alabama) (defective hardboard siding; nationwide class certified and class settlement approved); <u>In re Louisiana-Pacific Corporation Inner-Seal OSB Trade Practices Litigation</u>, (Master File No. C-95-3178-VRW, N.D.Cal.) (defective oriented strand board (OSB); nationwide class certified and settlement approved).

## Consumer Protection and Antitrust

The firm is also actively involved in litigation involving price-fixing and other anti-competitive conduct, deceptive sales practices, and unfair and deceptive trade practices.

Gilman and Pastor, LLP served as sole Class Counsel in <u>Fortin v. Ajinomoto, et al</u>, (Civil Action No. 02-2345C, Middlesex Superior Court Department, Mass.), and recently obtained final approval of partial class settlements totaling $8.2 million.

Gilman and Pastor, LLP served as a member of the Plaintiffs Steering Committee in <u>Ciardi v. F. Hoffman-LaRoche, Ltd., et al.</u>, (Civil Action No. 99-03244, Middlesex Superior Court Department, Mass.), a case that created new law in Massachusetts conferring standing upon indirect purchasers for claims arising from price-fixing or other anti-competitive conduct. Settlement funds valued at over $22.5 million were obtained and distributed to over 300 charitable organizations providing food and nutrition programs in Massachusetts.

Gilman and Pastor, LLP served as sole counsel in <u>Boos v. Abbott Laboratories</u>, No. 95-10091 (D.Mass.), which was the first case in which indirect purchasers in Massachusetts ever recovered damages arising from a price-fixing conspiracy. The case was settled in 1997 for $2.5 million.

Gilman and Pastor, LLP served as lead counsel in <u>Muccioli v. Sony Computer Entertainment America, Inc.</u>, No. 413148 (San Mateo Cty. California Superior Court) and obtained a substantial nationwide class settlement that provided free service and repairs during an extended warranty period and partial refunds of past repair costs to purchasers of Sony Playstation Models 1001 and 5501 in an action arising out of alleged product defects, breaches of warranty, and deceptive trade practices.

The firm was lead counsel in <u>Hardy v. Sears Roebuck & Co.</u>, Civil Action No. 98-CH-06305 (Cook County, Illinois) obtaining a nationwide class settlement which provided warranty repairs to consumers who purchased home improvement services from Sears and its authorized contractors.

The firm is a member of the Plaintiffs' Counsels' Steering Committee in <u>In re High Fructose Corn Syrup Antitrust Litigation</u>, MDL No. 1083, U.S. District Court for the Central District of Illinois, antitrust suit on behalf of businesses which purchased high fructose corn syrup at prices which were inflated due to a massive, world-wide price-fixing conspiracy.

Gilman and Pastor, LLP served as sole counsel for the class in <u>Anslono v. Thorn Americas, Inc.</u> (Civil Action No. 98-0049, Suffolk Superior Court Department, Mass.), and obtained a class settlement of claims for false advertising of "rent to own" contracts.

In <u>In re Packard Bell Consumer Class Action Litigation</u>, No. BC 125671 (California Superior Court), Gilman and Pastor, LLP served as counsel and obtained a substantial settlement for

purchasers of "reconditioned" personal computer systems which were falsely advertised as "new."

In In re Miracle Ear Consumer Litigation, No. 94-1696 (Dist. Ct. Minn.), Gilman and Pastor, LLP served as counsel and obtained a substantial settlement for purchasers of hearing aids which had been falsely advertised.

Gilman and Pastor, LLP has been actively involved in litigation arising from life insurance sales practices, including Michaels v. Phoenix Home Life Mutual Insurance Company, Index No. 5318-95 (NY.Sup.Ct., Albany County), 1997 N.Y.Misc. LEXIS 171 (1996) (approving class settlement); Natal v. Transamerica Occidental Life Insurance Company, Index No. 694829 (CA.Sup.Ct., San Diego County, 1997) (approving class settlement); In re: Manufacturers Life Insurance Company Premium Litigation, MDL No. 1109 (S.D.Cal.) (substantial settlement for class); In re: Sun Life Assurance Company of Canada Insurance Litigation, MDL No. 1102 (D.N.J.) (substantial settlement for class); In re: New England Mutual Life Insurance Company Sales Practices Litigation, MDL No. 1105 (D.Mass.) (court appointed Gilman and Pastor, LLP as liaison counsel in MDL proceeding; court subsequently approved substantial class settlement); Duhaine v. John Hancock Mutual Life Insurance Company (Civil Action No. 96-10706-GAO, D.Mass.) (substantial class settlement).

Gilman and Pastor, LLP has developed unique expertise in litigation involving pyramid marketing schemes, including obtaining significant decisions in Webster v. Omnitrition, 79 F.3d 776, 782 (9th Cir. 1996) (holding that multi-level marketing firm could be found to be a pyramid scheme and an investment security where there was no evidence that it actually enforced "anti-pyramid" requirements; class settlement approved following successful appeal by Gilman and Pastor); Capone v. Nu Skin Canada, Inc. (Case No. 93-C-2855, D.Utah) (Gilman and Pastor obtained court approval of settlement of class claims against multi-level marketing firm after successfully opposing multiple motions to dismiss and for summary judgment and after extensive discovery); Rhodes v. Consumers' Buyline, Inc., 868 F.Supp. 368 (D.Mass. 1993) (case settled after Gilman and Pastor obtained court ruling that contractual arbitration clause was unenforceable because distributorship agreement violated public policies against pyramid marketing schemes).

### *ATTORNEYS*

**KENNETH GILMAN** is a graduate of Suffolk University Law School (J.D., 1979) and Boston University (B.A.,1976). Mr. Gilman is a member of the bars of the Commonwealth of Massachusetts, the State of Florida, the U.S. District Court for the District of Massachusetts and the U.S. District Court for the Southern District of Florida. He is a member of the Massachusetts Bar Association, the Florida Bar and the American Bar Association. Mr. Gilman has served, and currently serves as lead or co-counsel in various types of complex litigation, including cases in the areas of antitrust, consumer protection, insurance, dangerous and defective products, environmental law, personal injury and securities fraud.

Representative cases which have produced significant legal developments, include: <u>Sebago, Inc., et. al. v. Beazer East, Inc., et. al.</u>, No. 96-10069- Wolf (D. Mass.) (Nationwide Class Settlements with two manufacturers of phenolic insulation with a value in excess of $240 million; 18 F.Supp.2d 70 (D.Mass. 1998); <u>Coleman, et. al. v. GAF Building Materials Corporation</u>, No. CV-96-0954-Galanos (Circuit Court of Mobile County, Alabama) (Nationwide class of persons who owned properties with GAF defective roofing shingles with settlement value in excess of $75 million); <u>In re: Louisiana-Pacific Corporation Inner-Seal OSB Trade Practices Litigation</u>; <u>Ciardi v. F. Hoffman-LaRoche Ltd, et. al.</u>,(Civil Action No. 99-03244, Middlesex Superior Court Department Mass.), (a case that created new law in Massachusetts conferring standing upon indirect purchasers for claims of price-fixing or other anti-competitive conduct. Settlement funds obtained of over $22.5 million); <u>Michaels v. Phoenix Home Life Mutual Insurance Company</u>, Index No. 5318-95 (N.Y.Sup.Ct. Albany County) 1997 N.Y. misc. LEXIS 171 (1996); <u>Agnes v. The Enstar Group, Inc., et. al.</u>, 90-C-1204-N (M.D. Alabama)(Settlement obtained of over $23 million); <u>In re Hallwod Energy Partners L.P. Securities Litigation</u>, 90-Civ-1555-JFK (S.D.N.Y.)(In which a $9.1 million settlement was obtained after five years of intensive litigation arising out of a complex oil and gas merger; <u>Sullivan, et. al. v. Shearson California Radison Plaza Partners Limited Partnership, et. al.</u>, No. 89-5472 (C.D.Cal.)(Securities fraud action resulting in settlement in excess of $11 million); and <u>Alert Income Partners Securities Litigation</u>, No. 92-2-9150(D.Colo.)(Securities fraud action resulting in settlement valued at $60 million).

Mr. Gilman was previously associated with Gilman, McLaughlin and Hanrahan in Boston, Massachusetts and with the firm of Blackwell, Walker, Gray, Powers, Flick and Hoehl in Miami, Florida. In 1985, Mr. Gilman was appointed by the United States District Court for the Southern District of Florida as the Equity Receiver in the Intercontinental Commodities litigation. During the period from 1980 through 1984, he participated as counsel to the Equity Receiver in the Lloyd Carr and Company commodities fraud litigation. In that capacity, he prosecuted complex litigation in Federal and state courts in Massachusetts and Florida, resulting in significant recoveries for defrauded investors. Also as part of this litigation, Mr. Gilman acted as special counsel for the Department of Justice.

***DAVID PASTOR*** is a 1979 graduate of Boston University School of Law and a 1976 graduate of Haverford College. During law school, Mr. Pastor clerked for two Wisconsin state court judges. Mr. Pastor is a member of the bar of the Commonwealth of Massachusetts, the U.S. District Court for the District of Massachusetts and the U.S. Court of Appeals for the First Circuit. He is a member of the Massachusetts Bar Association, the American Bar Association and the Association of Trial Lawyers of America. Mr. Pastor has served, and currently serves as class counsel in numerous class actions in various state and federal courts and has substantial experience in various types of complex class action litigation, including cases involving securities fraud and market manipulation, privacy rights, antitrust misconduct, consumer protection claims and defective products. Certain of Mr. Pastor's cases have produced significant legal developments, including <u>In re Blech Securities Litigation</u>, 961 F. Supp. 569 (S.D.N.Y. 1997) and 2002 WL 31356498 (S.D.N.Y. Oct. 17, 2002)(liability of a clearing broker as a primary violator for a scheme initiated by one of the clearing broker's correspondent broker-dealers) and <u>Weld v. Glaxo Wellcome, Inc.</u>, 434 Mass. 81, 746 N.E.2d 522 (2001)(certification

of class action against several defendants engaged in parallel conduct where certain defendants had no contact with the plaintiff and engaged in no conduct which directly affected the plaintiff).

***JOHN C. MARTLAND*** is a 1978 graduate of Suffolk University Law School (J.D.) and received a Bachelor of Arts degree from Colby College in 1972.  Mr. Martland was previously associated with the Law Offices of Harold Brown in Boston, Massachusetts, where he was the senior trial attorney and with the firm of Ring and Rudnick, also located in Boston.  Mr. Martland has had experience in a wide variety of complex civil litigation and been trial counsel in complex civil actions in state and federal courts throughout the United States.  He has served as counsel in complex business litigation in state courts in Massachusetts, New Hampshire and Maine.  He has represented franchisees in arbitration proceedings before the American Arbitration Association in Massachusetts, North Carolina, Illinois and New Jersey.  He is a member of the bar of the Supreme Judicial Court of Massachusetts, the U.S. District Court for the District of Massachusetts, the U.S. Court of Appeals for the First Circuit, and the Supreme Court of the United States of America.  He is a member of the Massachusetts Bar Association and the American Bar Association and is a member of the ABA Antitrust Section.  Mr. Martland was a speaker at the 1998 Annual Forum on Franchising of the American Bar Association, where he delivered a paper entitled "Mediation: An In-Depth Analysis of the Process and the Techniques - the Franchisee Perspective" and has been a frequent speaker at the annual conventions of the American Franchisee Association and the American Association of Franchisees and Dealers on franchise law topics.

***DOUGLAS M. BROOKS*** is a 1982 graduate of Suffolk University Law School (J.D.) and received a Bachelor of Arts degree from Northwestern University in 1979.  He was a Note Editor for the Suffolk University Transnational Law Journal in 1981-1982.  Mr. Brooks was previously associated with the Law Offices of Harold Brown in Boston, Massachusetts.  Mr. Brooks has litigated a wide variety of civil cases, including matters involving franchising, dealer and distribution, as well as securities actions.  He is a member of the bar of the Commonwealth of Massachusetts, the U.S. District Court for the District of Massachusetts, and the U.S. Court of Appeals for the First Circuit.  He is a member of the Massachusetts Bar Association and a member of the Forum on Franchising and Litigation Section of the American Bar Association.  Mr. Brooks was a speaker at the 1995 Annual Forum on Franchising of the American Bar Association, where he delivered a paper entitled "Survey Evidence - Use of Collected Data in Encroachment Cases" and has been a frequent speaker at the annual conventions of the American Association of Franchisees and Dealers and the American Franchisee Association.  Significant trials and appeals handled by Mr. Brooks include NXIVM Corp. v. Ross Institute, 364 F.3d 471 (2nd Cir. 2004) (affirming denial of preliminary injunction against non-profit anti-cult organization in lawsuit alleging Copyright and Lanham Act violations; Mr. Brooks is representing the defendant pro bono); Wolinetz v. Berkshire Life Insurance Co., 361 F.3d 44 (1st Cir. 2004) (reversing summary judgment in "vanishing premium" case based on statute of limitations); In re: America Online, Inc., 168 F.Supp.2d 1359 (S.D.Fla. 2001) (denying summary judgment); Scheck v. Burger King Corp., 756 F.Supp. 543 (S.D.Fla. 1991) (denying summary judgment in franchise encroachment litigation), further opinion, 798 F.Supp. 692 (S.D.Fla. 1992); Rhodes v. Consumers' Buyline, Inc., 668 F.Supp. 368 (D.Mass. 1993) (denying motion to

compel arbitration in pyramid scheme case); <u>Szymanski v. Boston Mutual Life Ins. Co.</u>, 56 Mass.App. 367 (2002), <u>rev. den.</u>, 438 Mass. 1106 (2003) (reversing summary judgment in vanishing premium litigation); <u>Oganesov v. GNC Franchising Inc.</u>, Bus. Franchise Guide (CCH) ¶11,808 (Pa. Ct. Cmn. Pl., March 3, 2000) (awarding $700,000 judgment for franchisee in encroachment litigation), <u>aff'd</u>, Bus. Franchise Guide (CCH) ¶12,163 (Pa.Super. 2001).

***DAVID HUGHES HARRIS*** is a graduate of American University Washington College of Law (J.D. 1995) and American University (B.A. 1991). In law school, David was Chair of the National Moot Court Team, and Lead Oral Advocate in the National Moot Court Competition.

Mr. Harris is an active member of the following Bars: Commonwealth of Pennsylvania, State of New Jersey, State of Florida, District of Columbia, U.S. District Court of the Eastern District of Pennsylvania, U.S. District Court of the District of New Jersey, and the U.S. District Court for Middle District of Florida; U.S. District Court, Northern District of Florida. David is also a Certified Arbitrator for the First Judicial District of Pennsylvania.

Mr. Harris is also an active member of several professional organizations, trial lawyer associations, and legal societies, including: Association of Trial Lawyers of America (Products Liability Section), Academy of Florida Trial Lawyers, Pennsylvania Trial Lawyers Association, American Bar Association (Business Law Section: Committee on Antitrust; Committee on Business & Corporate Litigation: Subcommittee on Class & Derivative Actions; Subcommittee on ERISA & Pension Litigation), The Florida Bar (Trial Lawyers Section), New Jersey State Bar Association, District of Columbia Bar, Philadelphia Bar Association, Lee County Bar Association, and the Collier County Bar Association.

As a trial lawyer and litigator, David has had significant advocacy experience in both the public and private sectors. He served with distinction as an Assistant Public Defender in the Felony Trial Division of the Public Defender's Office in Florida, successfully trying numerous jury trials. In private practice, where his advocacy skills have led to victories before judges and juries, Mr. Harris has concentrated in civil litigation, focusing on complex litigation, antitrust, defective and dangerous products, insurance bad faith, and catastrophic injury and death cases.

At Gilman and Pastor, LLP, Mr. Harris litigates a wide variety of significant individual cases and class actions, including: antitrust, ERISA, employment discrimination, products liability, defective and dangerous drugs, toxic and mass torts, catastrophic personal injury, and wrongful death.