UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUSAN KATZ,

Plaintiff,

v.

PRAECIS PHARMACEUTICALS, INC., MALCOLM GEFTER, KEVIN MCLAUGHLIN, EDWARD ENGLISH and WILLIAM K. HEIDEN,

Defendants.

Civil Action No. 04-12581-GAO

MAYER SCHWARTZ,

Plaintiff,

v.

PRAECIS PHARMACEUTICALS INC., MALCOLM GEFTER, KEVIN MCLAUGHLIN, EDWARD ENGLISH and WILLIAM K. HEIDEN,

Defendants.

Civil Action No. 04-12704-REK

DR. RICHARD BASSIN,

Plaintiff,

v.

PRAECIS PHARMACEUTICALS, INC., MALCOLM L. GEFTER, Ph.D., KEVIN F. MCLAUGHLIN, EDWARD C. ENGLISH and WILLIAM K. HEIDEN,

Defendants.

Civil Action No. 05-10134-GAO

**DEFENDANTS' RESPONSE TO THE MOTION OF "PRAECIS PLAINTIFFS GROUP" FOR CONSOLIDATION OF RELATED ACTIONS, FOR APPOINTMENT OF LEAD PLAINTIFF AND FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF CO-LEAD COUNSEL**

Defendants Praecis Pharmaceuticals, Inc., Malcolm Gefter, Kevin McLaughlin, Edward English and William K. Heiden (collectively "Defendants") respond as follows to the Praecis Plaintiffs Group's Motion For Consolidation Of Related Actions, For Appointment Of Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Co-Lead Counsel, dated February 7, 2005 (Docket No. 6) (the "Motion"), as follows:

1. Defendants take no position concerning the Motion insofar as it seeks an order of consolidation of the above-captioned cases pursuant to Section 21D (a)(3)(B)(ii) of the Private Securities Litigation Reform Act of 1995 (the "Reform Act") (15 U.S.C. § 78u-4 (a)(3)(B)(ii)) and Fed. R. Civ. P. 42(a);

2. Defendants take no position concerning the Motion insofar as it seeks an order of appointment as lead plaintiffs and the appointment of the Glancy Binkow & Goldberg firm and the Murray Frank & Sailer firm as plaintiffs' co-lead counsel pursuant to Section 21(D) (a)(3)(B)(i) of the Reform Act (15 U.S.C. § 78u-4 (a)(3)(B)(i);

3. However, Defendants object to, and reserve their rights to dispute, the assertions in the memorandum in support of the Motion (Docket No. 7 at 9-12) concerning plaintiffs' alleged satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure, including typicality and adequacy of proposed representatives. Defendants intend to move to dismiss the complaint herein. If that motion is not granted in its entirety, Defendants will address any motion by

plaintiffs for certification of any class alleged as to Defendants. This Court's decision on the Motion concerning appointment of lead plaintiffs and their counsel does not affect Defendants' rights to challenge class certification, including challenges based on adequacy or typicality, if any part of the action survives a motion to dismiss. See Greebel v. FTP Software, 939 F. Supp. 57, 60-61 (D. Mass. 1996) (defendants' right to challenge plaintiffs' satisfaction of Fed. R. Civ. P. 23 at the class certification stage is unaffected by lead plaintiff/lead counsel determination under the Reform Act).

Dated: February 18, 2005
Boston, Massachusetts

Respectfully submitted,

/s/ James R. Carroll

James R. Carroll (BBO #554426)
Matthew J. Matule (BBO #632075)
Michael S. Hines (BBO #653943)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Beacon Street
Boston, Massachusetts 02108
(617) 573-4800

Counsel for Defendants